RHYNER v. HUEBER BLDG. CO. et al.

(Supreme Court, Appellate Division, Third Department.    January 5, 1916.)

1. MASTER AND SERVANT ⬮250¾, New, vol. 16 Key-No. Series—FINDING OF WORKMEN'S COMPENSATION COMMISSION—CONCLUSIVENESS.

   Under the express provisions of Workmen's Compensation Law (Consol. Laws, c. 67) § 20, the decision of the Workmen's Compensation Commission that the mother of deceased was dependent upon him was conclusive on appeal, where it was supported by evidence.

2. MASTER AND SERVANT ⬮250¾, New, vol. 16 Key-No. Series—DEATH OF SERVANT—DEPENDENT WITHIN WORKMEN'S COMPENSATION ACT—"DEPENDENT."

   That the mother of the deceased employé had some small means and other sources of revenue at the time her son died, did not preclude her from being "dependent" within the Workmen's Compensation Law; partial dependency being sufficient to bring the claimant within the act, and it not being essential that she be reduced to absolute want.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent.]

3. MASTER AND SERVANT ⬮250¾, New, vol. 16 Key-No. Series—FINDING OF FACT—WORKMEN'S COMPENSATION COMMISSION—REVIEW.

   While findings of fact made by the Workmen's Compensation Commission may be set aside by the court on appeal, when not supported by any evidence, a finding as to the amount of the deceased employé's wages is "final," under the express provisions of Workmen's Compensation Law, § 20, and cannot be disturbed by the court.

Appeal from Workmen's Compensation Commission.

Proceedings under the Workmen's Compensation Law by Isabel⁴ Rhyner to obtain compensation for the death of her son, opposed by the Hueber Building Company, the employer, and the Commercial Casualty Insurance Company, the insurer. Compensation was awarded by the Workmen's Compensation Commission, and the employer and insurer appeal. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Bond & Schoeneck, of Syracuse (George H. Bond, of Syracuse, of counsel), for appellants.

Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, Deputy Atty. Gen., and Jeremiah F. Connor, of New York City, of counsel), for State Workmen's Compensation Commission.

Lyman, Canough & Higbee, of Syracuse (William F. Canough, of Syracuse, of counsel), for respondent.

HOWARD, J. [1, 2] This is an appeal from an award to a mother. The principal contention is that the mother was not dependent. But it has been determined by the Commission, as a fact, that she was dependent, and under section 20 of the act, where there is any evidence to support such a finding, the decision of the Commission is "final" and we are not permitted to review. Matter of Hendricks v. Seeman Bros., 155 N. Y. Supp. 638, handed down at the November term. In the record before us there is much evidence on the question

of the dependency of the mother, and, although it is extraneous to our province to express ourselves upon the subject, we may say that we are convinced that the finding of the Commission was fully justified by the facts presented. The mother had some small means and some other sources of revenue at the time her son died, but the courts will not hold that a claimant must be reduced to absolute want or be declared a pauper, in order to come within the provisions of the act. Partial dependency is sufficient. Matter of Walz v. Holbrook, Cabot & Rollins Corporation, 155 N. Y. Supp. 703, handed down at the November term.

[3] The appellant contends that the method of computing the deceased's wages was incorrect. We think the conclusion reached by the Commission was correctly worked out. Of course, we are unable to say what mental processes the Commission employed in arriving at the figures given in their decision; but it seems to us that, under the evidence, the figures given might, very properly, have been the result of the method of computation pointed out in subdivision 3 of section 14. But here again a finding of fact, based upon evidence, is presented to us, and we are powerless to criticize, modify, or revoke.

It is not well for this court to fall into the habit of discussing the facts, even for the purpose of showing that the findings of fact are reasonable and meet with our approbation. We cannot, except by usurpation, invade the realm of facts, for it was the clear intent of the Legislature that "the decision of the Commission shall be final as to all questions of fact." Of course, if there are no facts, and the decision is arbitrary, unfair, and unreasonable, a question of law arises, and we may right the wrong. Matter of Lizzie Gardener v. Horseheads Construction Co., 156 N. Y. Supp. 899, handed down herewith. But it is wholly improbable that the Commission will make any such decision.

The Commission is the sole judge and the "final" judge of the facts, and this court is not only forbidden to trespass upon the jurisdiction of the Commission in this field, but, by section 20 of the act, it is circumscribed, even, in its review of questions of law. It was the purpose of the Legislature to create a tribunal to do rough justice —speedy, summary, informal, untechnical. With this scheme of the Legislature we must not interfere; for, if we trench in the slightest degree upon the prerogatives of the Commission, one encroachment will breed another, until finally simplicity will give way to complexity, and informality to technicality.

The award should be affirmed.

KELLOGG, P. J., and WOODWARD and COCHRANE, JJ., concur. LYON, J., concurs in result.