Before State Industrial Commission, Respondent.

In the Matter of the Claim of Selma Trouton, Appellant, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, Joseph E. Trouton, v. M. J. Sheehy Ice Company, Employer, and The Zurich General Accident and Liability Insurance Company, Insurance Carrier, Respondents.

Third Department, May 7, 1919.

Workmen's Compensation Law — evidence establishing death of driver of ice wagon from drowning as result of intoxication — appeal — jurisdiction of Appellate Division to consider facts.

Upon a claim by the wife of the driver of an ice wagon employed by the defendant, evidence *held* to sustain a finding of the Commission that the decedent came to his death from drowning wholly because of his intoxication.

It is not the province of the Appellate Division to consider the facts upon an appeal from an award under the Workmen's Compensation Law except for the purpose of determining questions of law.

Appeal by the claimant, Selma Trouton, from an order of the State Industrial Commission, entered in the New York city office of said Commission on the 27th day of November, 1917, refusing to make an award herein.

*Myers & Goldsmith* [*Gordon S. P. Kleeberg* and *Joseph B. Kaufman* of counsel], for the appellant.

*Jeremiah F. Connor* [*William Butler* of counsel], for the defendants, respondents.

*Charles D. Newton, Attorney-General,* and *Robert W. Bonynge,* counsel to Commission [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

Woodward, J.:

Joseph E. Trouton, on the 6th of April, 1917, was employed by the M. J. Sheehy Ice Company as a driver of one of its ice wagons. It had a place of business at One Hundred and Thirty-second street, New York, which is located upon a dock adjacent to the Hudson river. On the day in question the decedent took out his wagonload of ice at six o'clock in the morning, and along about two o'clock in the afternoon called up the office of the company and reported that he was not in a condition, owing to drink, to complete his deliveries, and asked for a helper. An assistant was sent out to complete the delivery and bring in the team, and the decedent came back to the office and was sent home. He left the office to get his coat from the wagon, and this is the last seen of him until another employee of the company, coming from a small building on the dock, says he saw a pair of feet just disappearing over the edge of the dock, and later in the day the body of the decedent was taken from the river. The State Industrial Commission found the facts warranting the making of an award, except that it was held that the decedent came to his death wholly because of his intoxication, and upon this appeal it is urged that this determination of the Commission is not warranted by the evidence.

Section 21 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) provides that in the absence of substantial evidence to the contrary, it shall be presumed that " the injury did not result solely from the intoxication of the injured employee while on duty," but in this case there was such substantial evidence. Indeed, the evidence was preponderating that the decedent was staggering drunk at the very time of the accident, and all of the known facts point to this as the proximate cause of the death. It is not, however, the province of this court to consider the facts, except for the purpose of determining questions of law, for, as Mr. Justice HOWARD says in *Matter of Rhyner* v. *Hueber Building Co.* (171 App. Div. 56, 58): " It is not well for this court to fall into the habit of discussing the facts, even for the purpose of showing that the findings of fact are reasonable and meet with our approbation. We cannot, except by usurpation, invade the realm of facts, for it was the clear intent of the Legislature that ' the decision of the Commission shall be final as to all questions of fact.' * * * The Commission is the sole judge and the ' *final* ' judge of the facts, and this court is not only forbidden to trespass upon the jurisdiction of the Commission in this field, but, by section 20 of the act,* it is circumscribed, even, in its review of questions of law. It was the purpose of the Legislature to create a tribunal to do rough justice — speedy, summary, informal, untechnical." (*Matter of Tirre* v. *Bush Terminal Co.*, 172 App. Div. 386, 389; *Uhl* v. *Guarantee Construction Co.*, 174 id. 571, 573; *Matter of Dale* v. *Saunders Bros.*, 218 N. Y. 59, 63.)

There is evidence in this case supporting the determination of the State Industrial Commission, and the order should be affirmed.

Order unanimously affirmed.

---

* Amd. by Laws of 1915, chap. 167, and Laws of 1917, chap. 705.— [REP