KING *v.* STEPHENS-ADAMSON MANFG. CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DENYING INTRODUCTION OF ADDITIONAL TESTIMONY—ABUSE OF DISCRETION.

Denial of employer's motion for permission to introduce additional testimony at hearing on appeal before department was not abuse of discretion, where hearing before deputy was adjourned for 15 days, giving ample time in which to take other testimony before award was made.

2. SAME—INJURED EYE—CONTINUING DISABILITY.

Where employer's physician treating employee's injured eye testified that he would not recommend employee's resuming work until growth on eye had been removed, order of department continuing compensation, but suggesting that employee should submit to such treatment as employer offered to relieve said disability, is affirmed, on appeal.

Appeal from Department of Labor and Industry. Submitted October 13, 1931. (Docket No. 91, Calendar No. 35,910.) Decided December 8, 1931.

Edward King presented his claim against Stephens-Adamson Manufacturing Company, employer,

and General Accident Assurance Corporation, Limited, insurer, for an accidental injury while in defendant's employ. Award of compensation. Defendants appeal. Affirmed.

*Kerr, Lacey & Scroggie,* for appellants.

Sharpe, J. The plaintiff, while in the employ of the defendant manufacturing company as a rivet catcher, was injured by being struck in the eye by a hot rivet on August 15, 1930. A report of compensable accident was filed by that company on October 11th. His average weekly wage was stated to be $37.50. No agreement for compensation was entered into. The defendants filed a notice and application for adjustment of claim on December 31, 1930. A hearing was had before deputy commissioner McGregor on March 12, 1931, and adjourned by him to March 27th, when he made an award for compensation at $18 per week for the period of total disability from August 15, 1930. The defendants filed a claim for review before the commission, and for permission to take additional testimony. After a hearing thereon, an order was entered affirming the award on May 25, 1931. Defendants here seek review by appeal.

1. It is their claim that there was an abuse of discretion in the denial of their petition to take additional testimony. Proofs were taken at Manistique on March 12th and the hearing adjourned to March 27th at Marquette, where the testimony of defendants' witness, Dr. Hornbogen, was taken. The board found that the defendants had had ample time in which to take the testimony of other experts before the award was made. We find no abuse of discretion in such holding.

2. Defendants contend that under the proofs submitted compensation should have been stopped on November 22, 1930, or on January 19, 1931, or on March 27, 1931. Plaintiff's eye has been treated by Dr. Hornbogen much of the time since it was injured. He performed one operation on it, and recommended another. The doctor's opinion of his ability to resume work is well stated in his testimony, as follows:

"*Q.* Knowing what you do of this man's case; you have a history and advantage of having treated him. Would you today pass that man on to another employer to do that steel work he was doing?

"*A.* I would advise him to have that growth removed from there first.

"*Q.* In other words, you wouldn't want to pass him on to another employer to go out and do that work?

"*A.* Not with the eye in the condition it is at this time."

In its opinion the commission said:

"If, however, the defendants offer the plaintiff treatment for this disease of his eye, he should submit to such treatment as is offered to relieve him of the disability due to his accident."

The award is affirmed.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, North, and Fead, JJ., concurred.