No. 30,494.

SAM GENTRY, *Appellee*, v. WILLIAMS BROTHERS, et al.,
*Appellants*.

(10 P. 2d 856.)

Opinion
filed May 7, 1932.

*Henry M. Shughart, Lowell R. Johnson,* both of Kansas City, Mo., *J. E. McFadden* and *O. Q. Claflin, Jr.,* both of Kansas City, for the appellants.

*Archie A. Bryan,* of Paola, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This is an appeal from the order of the district court of Miami county affirming the award of the commissioner of workmen's compensation wherein the commissioner allowed compensation to the workman.

The appellee was an employee of the Williams Brothers Construction Company, and the Zurick General Accident and Liability Insurance Company was the insurance carrier. The evidence is to the effect that on October 24, 1930, the appellee was lifting and rolling heavy rocks into a pipe-line ditch and while so engaged felt a burning, stinging sensation in his right groin. He immediately became nauseated and was unable to continue his work. He was examined by a physician, who found that he was suffering from an inguinal hernia which was of recent origin. The appellant offered to pay all the necessary expenses of an operation to relieve the condition caused by the injury. The appellee refused the offer, assigning as his reason that he was "deathly scared of hospitals." Dr. A. W. Fairchild testified that he had examined the appellee and found he was suffering from a recent hernia; that the recognized treatment for such hernia is a surgical operation; that in practically all cases a cure would be effected and barring unexpected developments, such as in-

fection, the patient would be able to work in six or eight weeks. Doctor Nesselrode testified that he did not examine the appellee, but from the history and description of the injury which resulted in the hernia the only and proper treatment is a surgical operation; that it is not a dangerous operation, and a complete recovery is expected in 100 per cent of the cases.

The commissioner found that the appellee sustained personal injury by accident arising out of and in the course of his employment, and was entitled to compensation for twelve weeks at the rate of $14.70 per week. "It is further found that the commissioner of workmen's compensation cannot compel the claimant to submit to a hernia operation." An award was made in accordance with the findings of the commissioner. An appeal was taken to the district court, and the court, without additional findings, adopted the findings of the commissioner and entered judgment accordingly.

The finding with reference to the surgical operation is a conclusion of law. In the light of the circumstances we construe it to mean that the commissioner, or the trial court, has not the power to withhold compensation from an injured workman who refuses to submit to a surgical operation, although it is established that the danger to life is very slight and the probabilities of a permanent cure very great.

The appellant contends that this conclusion is error and insists that under the facts in this case the court should have withheld compensation on the refusal of the appellee to submit to a surgical operation. Many of the states that have adopted a workmen's compensation act similar to ours have a statutory provision regulating surgical operations. In other states we find no such express provision and there is none in our statute. The purpose of the compensation act is to protect the public, the employer and the employee, and to establish a just and equitable basis for compensation for the workman who is engaged in a hazardous employment. The public is interested in the rehabilitation of injured workmen and the preservation of human life, consequently the first duty imposed on the employer is to provide the service of a physician or surgeon and such medical, surgical and hospital treatment, including nurses, as may be reasonably necessary to cure and relieve the workman from the effect of the injury. (R. S. 1931 Supp. 44-510.) Thus the legislature recognized the necessity and value of medicine and surgery in effecting relief and restoration of injured workmen. The

primary duty which the workman owes to himself and society is to make use of every available and reasonable means to make himself whole. If he is not subject to unusual risk and danger from the anesthetic to be employed, or from the nature of the proposed operation, it is his duty to submit to it if it fairly and reasonably appears that such operation will effect a cure.

This question was before the court in *Strong v. Iron & Metal Co.*, 109 Kan. 117, 198 Pac. 182, 18 A. L. R. 415, in which it was said:

"The unreasonable refusal of an injured employee to permit a surgical operation where the danger to life from the operation would be very small, and the probabilities of a permanent cure very large, justifies a court in refusing compensation under the workmen's compensation law from and after the trial." (Syl. ¶ 1.)

In the opinion Mr. Justice Marshall reviewed the authorities, together with similar statutes in other states, and reached the conclusion that the court had the power to withhold compensation where the refusal of the workman to submit to a surgical operation was unreasonable. The court had under consideration in that case the old workmen's compensation act, but we see no reason why the decision should not apply with equal force to the present statute.

We hold, therefore, that the commissioner, or the trial court, has the power to withhold compensation where the refusal of the workman to submit to an operation is unreasonable. The reasonableness of the refusal is a question of fact to be determined by the trier of facts. Upon a finding that the proposed surgical operation will not be attended with danger to life or health, or extraordinary suffering, and, according to medical and surgical opinion, offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, it is the duty of the court or the commissioner, as the case may be, to withhold compensation where the employer offers to pay the expense of such surgical operation and the employee refuses to submit thereto.

The judgment of the district court is reversed, and the court is directed to proceed with the trial of the case in accordance with the views herein expressed.