PRITCHARD *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—REPORT OF ACCIDENT—HERNIA— STATUTE OF LIMITATIONS.

Filing report of a noncompensable accident by employer having full knowledge that injury sustained was a right inguinal hernia and compensable is such a failure to comply with its statutory duty as to reporting accident as to deprive it of defense of statute of limitations notwithstanding employee lost no time from work on occasion of accident (2 Comp. Laws 1929, § 8431).

2. SAME—DEMAND FOR COMPENSATION—FINDING OF DEPARTMENT—
HERNIA.

Finding of department of labor and industry that employee who
suffered a right inguinal hernia in accident arising out of and
in course of employment had made a demand for compensation
*held,* sustained by ample testimony.

3. SAME—HERNIA—REMEDIAL OPERATION—TENDER AND REFUSAL—
SUSPENSION OF COMPENSATION.

Employee, receiving right inguinal hernia, who declined remedial
operation not dangerous to his life or physical welfare, prof-
fered shortly after accident but later requested by him, *held,*
not entitled to compensation for such period as he continued
to refuse to submit to the operation but entitled to compensa-
tion from date of acceptance of offered operation though not
then in defendant's employ (2 Comp. Laws 1929, § 8435).

Appeal from Department of Labor and Industry.
Submitted January 14, 1936. (Docket No. 49, Cal-
endar No. 38,687.) Decided June 16, 1936.

John Pritchard presented his claim against Ford
Motor Company for compensation for accidental
injuries sustained while in its employ. Award to
plaintiff. Defendant appeals. Modified and af-
firmed.

*Cecil W. Castor (Kerr, Lacey & Scroggie,* of coun-
sel), for plaintiff.

*E. C. Starkey* and *F. A. Nolan,* for defendant.

NORTH, C. J. On September 3, 1930, while in de-
fendant's employ, plaintiff suffered an injury aris-
ing out of and in the course of his employment. He
asserts that he made claim for compensation. In
January, 1935, he applied to the department of la-
bor and industry for adjustment of his claim for
compensation. On hearing before the deputy com-
missioner an award of compensation for partial dis-
ability was made; and on review by the department

the award was modified and affirmed. Defendant reviews by certiorari.

Plaintiff's injury was a right inguinal hernia. It was promptly called to defendant's attention. Defendant at once offered to provide an operation but plaintiff at the time refused. He subsequently (August 5, 1932) requested the operation. At that time plaintiff was not in defendant's employ and the latter did not provide the operation. On the occasion of the accident plaintiff did not lose any time; and defendant on October 21, 1930, reported the accident as noncompensable. Plaintiff continued in defendant's employ until he was laid off September 29, 1931. Appellant asserts the department of labor and industry erred in holding:

(1) That the filing of a noncompensable report was not a proper report;

(2) That this application for compensation was not barred by 2 Comp. Laws 1929, § 8431; and

(3) That plaintiff made a proper demand for compensation.

As to defendant having filed a report of noncompensable accident, the department of labor and industry in effect held that plaintiff's accident was compensable and that filing a report of a noncompensable accident constituted a failure to perform the employer's statutory duty relative to reporting to the department of labor and industry and deprived defendant of the defense of the statutory limitation. 2 Comp. Laws 1929, § 8431. Under the circumstances of this case the holding was correct. The employer, through its proper agents and employees, had knowledge that as the result of the accident plaintiff sustained a right inguinal hernia, that his condition required an operation and hospitalization, and entitled him to compensation during recovery. With such knowledge the employer

was bound to file a report of a compensable injury. The statute provides:

"That in all cases in which the employer has been given notice of the happening of the accident, or has notice or knowledge of the happening of said accident, within three months after the happening of the same, and fails, neglects or refuses to report said accident to the industrial accident board * *as required by the provisions of this act,* the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said accident shall have been filed with the industrial accident board.*"  2 Comp. Laws 1929, § 8431.

Filing a report of a noncompensable accident by an employer having full knowledge of the fact that it was a compensable accident, not a noncompensable one, is a failure to comply with the statutory requirement and deprives the employer of the statutory limitations.

There is ample testimony in the record to support the finding of the department of labor and industry that plaintiff made a demand for compensation.

In appellee's counter statement of questions involved, the following is propounded:

"Was a tender of medical attention by the defendant made and if so what was its effect?"

A tender of a remedial operation was made by defendant to plaintiff shortly following the accident. As noted above, plaintiff declined to accept such an operation and continued to assume this attitude until August 5, 1932, at which time a communication in behalf of plaintiff was delivered to the employer containing the following:

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished.—See 2 Comp. Laws 1929, § 8312.—Reporter.

"Injured is now desirous of securing an operation and is being sent to your office for the purpose of giving you the opportunity of interviewing this man and making the necessary arrangements if in your opinion he is entitled to same."

Plaintiff having declined the remedial operation when first tendered to him by defendant was not entitled to compensation so long as he continued to refuse to submit to the operation. In this connection it may be noted that the undisputed proof is that the proposed operation would have overcome the injury sustained by plaintiff, and no claim is made that such operation would have endangered plaintiff's life or physical welfare. Under the provisions of the Michigan compensation law, as construed by former decisions of this court, plaintiff's neglect or refusal to accept the benefits of the proffered operation suspended his right to compensation. 2 Comp. Laws 1929, § 8435; *O'Brien* v. *Albert A. Albrecht Co.*, 206 Mich. 101 (6 A. L. R. 1257); *Myers* v. *Wadsworth Manfg. Co.*, 214 Mich. 636; *King* v. *Stephens-Adamson Manfg. Co.*, 256 Mich. 30. It follows that the compensation awarded plaintiff should have commenced August 5, 1932, the date when he offered to submit to the operation; instead of September 29, 1931, the date when he ceased to be in defendant's employ, as fixed by the department of labor and industry.

Subject to the modification above indicated the award is affirmed, and the case will be remanded to the department of labor and industry for modification of its award in accordance herewith. No costs will be awarded on this appeal.

Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., took no part in this decision.