OSMER *v.* MONTGOMERY WARD & CO.

1. WORKMEN'S COMPENSATION—REPORT OF ACCIDENT—COMPENSABLE INJURY.

   Accidental injury to plaintiff's back on July 13, 1936, from a falling roll of linoleum, after which he received medical treatment and returned to work on July 21, 1936, *held,* an injury requiring report as for compensable injury, where evidence also showed defendant's store manager saw accident happen and advised plaintiff to see a doctor and plaintiff was cautioned not to do any heavy work and for a few days was given work of a lighter nature on advice of physician (2 Comp. Laws 1929, § 8456).

2. SAME—REPORT OF ACCIDENT—INJURY TO BACK—STATUTE OF LIMITATIONS.

   Filing a report of a noncompensable accident by employer having full knowledge that injury to back sustained by employee was compensable is such a failure to comply with its statutory duty as to reporting accident as to deprive it of defense of statute of limitations (2 Comp. Laws 1929, § 8431).

3. SAME—FINDING OF FACT BY DEPARTMENT—REPORTS.

   Department's finding of fact that employer filed a report on a certain date *held,* supported by record but its conclusion of law that the report was a proper one was erroneous where it was a report as for noncompensable accident and statute required a report for a compensable one under the circumstances (2 Comp. Laws 1929, § 8456).

Appeal from Department of Labor and Industry. Submitted June 16, 1938. (Docket No. 93, Calendar No. 40,080.) Decided February 2, 1939.

Henry C. Osmer presented his claim against Montgomery Ward & Company for compensation for in-

juries sustained in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed.

*Don R. Carrigan (Stewart & Black* and *Fred W. George, Jr.,* of counsel), for plaintiff.

*Gregg, Thompson & Glassen* and *L. E. Oliphant,* for defendant.

CHANDLER, J. Plaintiff sustained an accident on July 13, 1936, when he was struck across the back by a falling roll of linoleum. He received medical treatment and returned to work on July 21, 1936, having received his regular wage in the interim. Upon resuming his employment, he was given light work for a period of two weeks after which he assumed his regular duties and remained so employed until the latter part of September, 1936. He then entered the employ of the Morton Salt Company but was forced to quit one and one half days later due to the condition of his back. He rested for two or three weeks and on November 15, 1936, secured employment with the Pressed Metals of America but finally was forced to abandon this work due to the disabling condition of his back.

Although employed for some period of time subsequent to the accident, he lost considerable time from his work at various intervals due to his back. This proceeding to secure compensation followed.

The department of labor and industry found as a fact that no claim for compensation had been made by plaintiff until August 2, 1937; that defendant had filed a report of noncompensable accident which was a proper one; and also "that his (plaintiff's) total disability as a result of the accident became apparent on May 4, 1937, and plaintiff had three months from

that date within which to file a claim for compensation. See 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165). Plaintiff's claim having been filed on August 2, 1937, is within the three months' period.''

The department thereupon entered an award in favor of plaintiff and defendant seeks review thereof by this appeal in the nature of certiorari, contending that plaintiff's disability became apparent before May 4, 1937, and that the claim was barred by the provisions of 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165) because not made within the time allowed by the mentioned section of the statute.

Plaintiff, on the other hand, contends that the statute of limitations contained in said section was tolled by failure of the employer to file a proper report of the accident.

Although the department's award is based upon a finding that plaintiff's disability as a result of the accident did not become apparent until May 4, 1937, and that he had three months from that date within which to present a claim for compensation, we prefer to base our decision affirming the award upon another ground.

Section 8456 (a), 2 Comp. Laws 1929 (Stat. Ann. § 17.191), provides that in cases in which the employee is injured so slightly that he loses no time, or little time, or returns to work within seven days, the employer shall mail a report of noncompensable accident to the department of labor and industry on the eighth day after the occurrence of the accident. Subdivision (b) of said section further provides that on the eighth day after the accident, a report of compensable accident shall be so mailed ''in all cases in which the employee is injured to such an extent that he does not return to work within seven days

after the accident, and in all cases in which the disability of the injured employee continues for more than seven days after the accident.''

In the instant case, plaintiff was injured during the forenoon of July 13, 1936, and did not return to work until the afternoon of July 21, 1936. Despite the argument of plaintiff that the period elapsed was nine days and that of defendant that it was seven days, it requires but little computation to determine that plaintiff did not return to work within seven days following the occurrence of the accident, rendering the same compensable under the provisions of the statute, and requiring as a matter of law the filing of a compensable report. Furthermore, it is clear that defendant must be held to have had knowledge of the character of the injuries suffered. Mr. Palmer, manager of the store in which plaintiff worked, saw the accident happen and advised plaintiff to see Dr. Noble. When he returned to work he was cautioned not to do any heavy work, and for a few days was given work of a lighter nature upon the advice of the physician to whom Mr. Palmer had spoken concerning the nature of the injuries.

Under this state of facts, the employer should have reported the accident as compensable, and its failure to do so prevents the raising of the statute of limitations contained in 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165). As we said in *Pritchard* v. *Ford Motor Co.,* 276 Mich. 246,

''Filing a report of a noncompensable accident by an employer having full knowledge of the fact that it was a compensable accident, not a noncompensable one, is a failure to comply with the statutory requirement and deprives the employer of the statutory limitations.''

See, also, *Paridee* v. *Great Atlantic & Pacific Tea Co.,* 278 Mich. 191.

The department's finding that the report of non-compensable accident filed on August 11, 1936, was a proper report presents both a question of fact and of law, a question of fact as to whether or not a report was filed and the date thereof, a question of law as to whether the report filed was a proper one. We hold that the department's finding of fact that a report was filed on August 11, 1936, is amply supported by the record, but that its conclusion of law that the report was a proper one, was erroneous. However, the disposition of the case is not affected thereby.

Award affirmed, with costs to plaintiff.

BUSHNELL, SHARPE, POTTER, NORTH, and MCALLIS-TER, JJ., concurred with CHANDLER, J. WIEST, J. concurred in the result. BUTZEL, C. J., did not sit.