DEWEY STUFFLEBEAN, Appellee, v. CITY OF FORT DODGE et al.,
Appellants.

No. 46219.

MAY 4, 1943.

Hallagan, Fountain, Steward & Cless, of Des Moines, and
H. E. Olerich, of Cedar Rapids, for appellants.

Breen, Breen & McCormick, of Fort Dodge, for appellee.

MILLER, J.— On October 8, 1940, claimant filed an application for arbitration which/asserted that he received an injury arising out of and in the course of his employment as janitor for defendant city on October 29, 1938, which resulted in a hernia; that claimant did not desire to undergo an operation and he prayed for such relief as he may be entitled to. The answer of the defendants was a general denial.

Hearing was had before the deputy industrial commissioner as sole arbitrator. It was there stipulated that on October 29, 1938, claimant was employed by the defendant city as a janitor and on or about said date received an injury, arising out of and in the course of his employment, resulting in a left inguinal hernia. The evidence further showed that, about 1935, claimant had received a right inguinal hernia while working for the city, the same was repaired by an operation which the claimant did not consider to be satisfactory, and his reluctance to undergo a second operation was due to some extent to the fact that he had had experience with a former operation that he did not consider successful; on August 15, 1940, claimant's employment with the city was terminated for incompetency and misconduct. Claimant admitted that he was offered an open operation or injection treatment to cure the hernia and had refused both.

The deputy industrial commissioner determined that claimant sustained an injury, arising out of and in the course of his employment, on or about October 29, 1938, resulting in a left inguinal hernia; that his average daily earnings were $2.70, which establishes the weekly compensation rate of $9.59; that medical, surgical, and hospital services are reasonably necessary for the treatment and cure of claimant's injury; that claimant has failed to prove that he has been or is disabled because of such injury. The deputy commissioner ordered defendants to furnish claimant reasonable hospital, medical, surgical, and nursing services for the treatment and cure of his injury and to pay compensation at the rate of $9.59 per week, during disability, if any, following the furnishing of such treatment.

The claimant filed a petition for review with the industrial commissioner. At the hearing thereon, defendant introduced

medical evidence to show that an open operation or injection treatment was reasonably necessary to cure claimant's injury, that the possibility of a cure resulting from wearing a truss is very remote, and that the operation or injection treatment could be administered without serious danger to claimant's life or health.

The industrial commissioner found that claimant's refusal to submit to an open operation or injection treatment was not so unreasonable as to forfeit his right to compensation and fixed the amount of disability at seven per cent of total permanent disability entitling claimant to 28 weeks' compensation at $9.59 per week amounting to $268.52. His award determined that, if claimant did not submit to surgery or injection treatment within a reasonable time, it would not be required of defendants. The defendants appealed to the district court where the award was affirmed. They now appeal to this court.

As above stated, it was stipulated at the outset that the hernia herein resulted from an injury arising out of and in the course of employment. There is no dispute as to the weekly rate of compensation and defendants do not here challenge the commissioner's finding of seven per cent total permanent disability entitling claimant to 28 weeks' compensation. The question presented is a narrow one, to wit, Was the refusal to submit to curative treatment so unreasonable as to forfeit the right to any compensation during such refusal?

Counsel on both sides concede that which our investigation of the decisions tends to verify, namely, that this precise question has not been previously presented to this court. In most of the states, the compensation statutes specifically provide that an arbitrary or unreasonable refusal to submit to offered medical or surgical treatment, which does not seriously endanger claimant's life or health and which is shown to be reasonably certain to minimize or cure the disability for which compensation is sought, will warrant reduction, suspension, or forfeiture of such compensation. In a number of states where there is no such express statutory provision a similar rule appears to prevail by reason of judicial decision. Strong v. Sonken-Galamba Co., 109 Kan. 117, 198 P. 182, 18 A. L. R. 415; Gentry v. Williams Bros.,

135 Kan. 408, 10 P. 2d 856; Schiller v. Baltimore & O. Ry. Co., 137 Md. 235, 246, 112 A. 272, 276; Pritchard v. Ford Motor Co., 276 Mich. 246, 267 N. W. 622; Myers v. Wadsworth Mfg. Co., 214 Mich. 636, 183 N. W. 913; O'Brien v. Albrecht Co., 206 Mich. 101, 172 N. W. 601, 6 A. L. R. 1257; Kricinovich v. American Car & Foundry Co., 192 Mich. 687, 691, 159 N. W. 362; Dosen v. East Butte Copper Min. Co., 78 Mont. 579, 254 P. 880; Neault v. Parker-Young Co., 86 N. H. 231, 166 A. 289; American Smelting & Refining Co. v. Industrial Comm., 76 Utah 503, 290 P. 770.

While the rule appears to be generally recognized and applied, there is, of course, some variation in its application. Where the evidence is undisputed on the issue, the question becomes one of law; where there is a conflict in the evidence, it is one of fact. Where a question of law is presented, the courts may make a final determination of it. Pritchard v. Ford Motor Co., supra. Where disputed questions of fact are present and undecided, it is necessary to remand the case for further proceedings. Whittika v. Industrial Comm., 322 Ill. 368, 153 N. E. 708.

The evidence herein is in conflict on some questions and not on others. It is the position of defendants that the evidence is undisputed on all questions which should determine the issue. Claimant contends otherwise. There is serious question whether the reasoning applied by the industrial commissioner to the record herein warrants the result he reached. However, we are not disposed to hold that the record is such as to present to us solely a question of law. And we are not persuaded that the error, if any, of the commissioner was sufficiently prejudicial to warrant a reversal and a remand of the case. The cause has been tried four times. It should be decided now, if possible.

There is a practical side to the case which cannot be ignored. The purpose of the compensation act and the procedure outlined thereby is stated by us in the case of Flint v. City of Eldon, 191 Iowa 845, 847, 183 N. W. 344, 345, as follows:

"The purpose, intent, and scheme of workmen's compensation legislation is well understood, and its historical significance has been frequently expressed in decisions. The fundamental

reason for the enactment of this legislation is to avoid litigation, lessen the expense incident thereto,'minimize appeals, and afford an efficient and speedy tribunal to determine and award compensation under the terms of this act.

"'It was the purpose of the legislature to create a tribunal to do rough justice—speedy, summary, informal, untechnical. With this scheme of the legislature we must not interfere; for, if we trench in the slightest degree upon the prerogatives of the commission, one encroachment will breed another, until finally simplicity will give way to complexity, and informality to technicality.' Rhyner v. Hueber Bldg. Co., 171 App. Div. 56 (156 N. Y. Supp. 903). See, also, City of Milwaukee v. Industrial Commission, 160 Wis. 238.''

Counsel for defendants recognize that, under the foregoing pronouncement, their position is somewhat difficult. Counsel state:

"On the Commissioner's behalf the award of only seven per cent partial permanent disability is more or less nominal and was no doubt arrived at with the thought that it would accomplish substantial justice between the parties. On the defendants' behalf we would have been inclined to so accept it as a practical solution of the parties differences were there any assurance that such would have been a final disposition of the case. * * *

"An unrepaired hernia does not present a very fixed or staple condition. The protrusion might become greater and there is ever present the danger of a strangulation and probable fatal result. Therefore, had we not appealed from the Commissioner's decision it is probable that sooner or later there would have been an application for reopening and an award of further compensation in which event we would have been confronted with a conclusive adjudication that the claimant's refusal of the tendered surgical and medical treatment was reasonable and justified and since the claimant's unrepaired hernia presents a potential danger to life by strangulation, there is a potentially substantial sum involved and we have felt obliged to take this, our only opportunity for a review of the

Commissioner's decision upon the unreasonableness of the claimant's rejection of proper treatment.''

The difficulty with counsel's position is that, were we to hold that the refusal to accept curative treatment should suspend the right to compensation at this time, that would not necessarily adjudicate the questions of proximate cause and liability for compensation in the event of aggravation at some later date.

On the whole, we are convinced that, as a practical matter, the award should be affirmed. Defendants' complaint that the commissioner awarded compensation for the hernia and medical treatment to cure it as well does not require a reversal. From the outset claimant has refused such treatment. His brief before us adheres to such refusal. It is apparent that, under the commissioner's order, the offered medical treatment has been rejected and cannot be required of defendants.

Claimant has received an injury for which compensation is payable. Defendants insist that the measure of recovery is the expense of curative treatment and compensation for disability incident thereto. But the award made is approximately the equivalent thereof. As a practical matter, it renders substantial justice between the parties. It does not present such error as would warrant or require a reversal.

The judgment is—Affirmed.

GARFIELD, C. J., and MULRONEY, WENNERSTRUM, BLISS, SMITH, HALE, and MANTZ, JJ., concur.