**IN THE COURT OF APPEALS OF IOWA**

No. 15-1957
Filed July 27, 2016

**NEWT MARINE SERVICE DBA and**
**LIBERTY MUTUAL INSURANCE,**
        Plaintiffs-Appellants,

**vs.**

**JOHN ABITZ,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie Kunkle Vaudt,

Judge.

        An employer appeals the ruling on judicial review affirming a grant of

alternate medical care to an employee.  **AFFIRMED.**

        Jeffrey W. Lanz of Huber, Book, Lanz & McConkey, P.L.L.C., West Des

Moines, for appellants.

        Mark J. Sullivan of Reynolds & Kenline, L.L.P., Dubuque, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Newt Marine Service DBA[1] (Newt Marine) challenges the grant of an employee's petition for alternate medical care in this workers' compensation action. It argues the deputy workers' compensation commissioner abused his discretion. Because the deputy commissioner's findings were supported by substantial evidence and the law was properly applied, we affirm the denial of Newt Marine's petition for judicial review.

**I. Background Facts and Proceedings.**

John Abitz was employed by Newt Marine when he sustained injuries to his right shoulder in 2013 and 2014.[2] Abitz received medical treatment from Dr. David Field at West Side Orthopedic Surgeons. In June 2014, Dr. Field performed arthroscopic surgery on Abitz's shoulder.

At a medical appointment on January 15, 2015, Dr. Field restricted Abitz to lifting no more than seventy-five pounds, which he stated was "permanent at this point." Dr. Field also stated no overhead restrictions were necessary. However, the "Patient Visit Record" that corresponded to that visit states:

> [Abitz's] pain has dissipated considerably. He does not complain of any weakness today. He is actually back to his job and lifting up to 75 pounds. His clinical examination reveals no pain with forward flexion. His strength of his rotator cuff—i.e., supraspinatus, in intact. There is no weakness with external rotation or his biceps.
> Clearly, his shoulder has responded now. There is no need for an arthrogram versus MRI study. I released him to work today

---

[1] Newt Marine's workers' compensation insurance carrier, Liberty Mutual Insurance Co., is also a party to this appeal. For simplification, we will refer only to Newt Marine.

[2] Abitz alleges four work-related injuries occurred between November 2013 and November 2014. Newt Marine admits the first two of these injuries, occurring in November 2013 and January 2014, were work-related injuries for which it is liable, but it denies liability for an alleged work-related injury occurring in August 2014 or an injury occurring in November 2014 when Abitz was in an automobile collision on his way to physical therapy, arguing the latter two were sequelae of the initial injury.

and placed him on a restriction of 75 pounds, although I would assume in the next month or so that could be totally lifted. It appears that his job has been handled easily with this restriction in any event. I am pleased with his progress and I do think he has reached [maximum medical improvement] with his shoulder.

Although Abitz had been approved for physical therapy, Dr. Field claimed physical-therapy was no longer helping Abitz and cancelled Abitz's remaining appointments.

Abitz denied that his pain had dissipated or gone away by January 15, 2015, or that he made any statement of that nature to Dr. Field. Abitz also denied stating he could lift seventy-five pounds, as Dr. Field reported. Abitz claimed Dr. Field never tested his pain level or strength or gave him notice that he was conducting an impairment evaluation. Abitz claimed that when he expressed concern that his pain remained, Dr. Field told him, "Don't worry. It will go away. You're fine."

Dr. Field gave a different account of Abitz's injuries and restrictions in a written statement on January 22, 2015, exactly one week after Abitz's medical visit. When asked if Abitz had any permanent restrictions, Dr. Field responded in the negative—in contrast to his notes from the January 15, 2015 office visit. Dr. Field also lifted the weight restriction he had entered one week earlier and assigned Abitz a three-percent permanent impairment to his upper extremity.

On February 5, 2015, Abitz's attorney gave notice that Abitz was dissatisfied with Dr. Field's care. He filed a petition for alternate medical care, and a hearing was held on the matter in March 2015. At the hearing, Abitz testified it did not make sense for him to continue treatment with Dr. Field, opining that the doctor was "not listening to the patient, and just going with what

they think and not actually looking at what's wrong." Abitz requested that he receive alternate medical care from a doctor specializing in shoulder injuries at the University of Iowa Hospitals and Clinics.

Two days after the hearing, the deputy workers' compensation commissioner issued a decision, finding Abitz had met his burden of showing his employer failed to provide medical treatment reasonably suited to fully treat his work injuries and authorizing the specialist to evaluate and treat Abitz's shoulder injury. Newt Marine filed a petition for judicial review, which the district court denied. Newt Marine appeals.

**II. Scope and Standard of Review.**

Iowa Code chapter 17A (2015) governs our review of final agency action. *See Des Moines Area Reg'l Transit Auth. v. Young*, 867 N.W.2d 839, 841-42 (Iowa 2015). Applying the standards set forth in section 17A.19(10) to the commissioner's decision, we decide whether the district court correctly applied the law in exercising its judicial review function. *See id.* at 842. If we reach the same conclusions as the district court, we affirm. *See id.* If not, we reverse. *See id.*

We review the commissioner's interpretation of workers' compensation statutes for the correction of errors at law. *See* Iowa Code § 17A.19(10)(c) (stating the court should grant relief where the agency decision is "[b]ased upon an erroneous interpretation of a provision of law whose interpretation has not been clearly vested by a provision of law in the discretion of the agency"); *Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 769 (Iowa 2016) (holding the legislature did not expressly vest "the workers' compensation

commissioner with authority to interpret the workers' compensation statutes in chapter 85"). If the commissioner's interpretation rests on an error at law, we substitute our own judgment for the commissioner's interpretation of chapter 85. *See Ramirez-Trujillo*, 878 N.W.2d at 770.

The workers' compensation commissioner has the discretion to make factual determinations, and we defer to those fact-findings if supported by substantial evidence. *See Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009). Evidence is substantial if "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). Rather than questioning whether the evidence before us may support a different finding than that made by the commissioner, we ask whether the evidence supports the finding actually made. *See Larson Mfg. Co.*, 763 N.W.2d at 850.

### III. Alternate Medical Care.

Iowa Code section 85.27 requires that employers furnish care to injured employees, but it also allows employers to direct that medical care. *See Ramirez-Trujillo*, 878 N.W.2d at 771. An employer's right to control care is not absolute, however. *See id.* If an employee believes the employer has offered care that is not reasonably suited to treat the injury sustained, the employee may seek approval from the workers' compensation commissioner to obtain alternate medical care. *See id.* at 773.

The employee seeking alternate medical care bears the burden of proving the care authorized by the employer is unreasonable. *See R.R. Donnelly & Sons v. Barnett*, 670 N.W.2d 190, 195 (Iowa 2003). Whether that care is reasonable is a question of fact. *See Pirelli-Armstrong Tire Co. v. Reynolds*, 562 N.W.2d 433, 436 (Iowa 1997). Therefore, we must determine whether substantial evidence supports the reasonableness determination. *See* Iowa Code § 17A.19(10)(f).

In his ruling, the deputy commissioner found:

> [I]t is undeniable that Dr. Field has, without benefit of an MRI or other testing, concluded [Abitz] cannot benefit from further treatment from him. He has assigned a low rating of impairment, no work restrictions, and told [Abitz] he has nothing further to offer him. Yet [Abitz] continues to experience chronic, and increasing, pain. He credibly testified to losing much of his arm strength. His sleep is disrupted. The picture painted by [Abitz] differs significantly from the one painted by Dr. Field. It is noteworthy that Dr. Field made his final conclusions without again seeing [Abitz] for an up-to-date assessment of his condition.

The deputy commissioner then determined the care offered by Newt Marine was unreasonable. Newt Marine argues this finding is not supported by substantial evidence.

One factor that has figured "prominently" in determining whether employer-authorized medical care is reasonable is the effectiveness of the care. *Pirelli-Armstrong Tire Co.*, 562 N.W.2d at 437.

> It has been observed that "it [is] proper to allow medical expenses to an employee treated by a physician of his own choice after the physician selected by his employer has failed or refused to give necessary treatment *or has been unsuccessful in his treatment*, particularly where this was done with the knowledge of, and without objection by, the employer."

*Id.* (alteration in original) (emphasis added) (quoting 99 C.J.S. *Workmen's Compensation* § 273, at 933 (1958)). Treatment is reasonable if it "'does not

seriously endanger claimant's life or health *and . . . is shown to be reasonably certain to minimize or cure the disability for which compensation is sought . . . .'" Id.* (quoting *Stufflebean v. City of Fort Dodge*, 9 N.W.2d 281, 238 (Iowa 1943)).

In *Pirelli-Armstrong Tire Co.*, the claimant complained his pain had increased while the use of his limb decreased during the year he received treatment from his employer-approved physician. *See id.* In authorizing alternate medical care, the deputy commissioner found the employer-approved physician had "no further care to offer the claimant." *Id.* at 435. The deputy commissioner concluded that the failure to offer care amounted to no care, and "[n]o care is equal to care not reasonably suited to treat the injury." *Id.* Our supreme court agreed, holding that "when evidence is presented to the commissioner that the employer-authorized medical care has not been effective and that such care is 'inferior or less extensive' than other available care requested by the employee, the commissioner is justified by section 85.27 to order the alternate care." *Id.* at 437 (citation omitted).

Here, Dr. Field discontinued Abitz's treatment and found he had reached maximum medical improvement. Dr. Field reached these conclusions based on what Abitz alleges were misstatements regarding his pain and lifting ability, and without conducting any tests or further investigation. Dr. Field then removed the lifting restriction he had placed on Abitz just one week after he imposed it. Newt Marine notes this was in keeping with the notes Dr. Field entered on the "Patient Visit Record" following the January 15, 2015 visit, which states the doctor "assume[d] in the next month or so that could be totally lifted." However, Dr. Field formed this opinion based on the same allegedly deficient information

cited above. It is also concerning that Dr. Field lifted the restriction only seven days after he imposed it and did so on an assumption, without evaluating Abitz.

In any event, Abitz complains his pain has increased and his shoulder strength has decreased as a result of his injuries. Although there is also evidence to the contrary, a reasonable person could find the medical care provided by Newt Marine has not been effective. Abitz is now without further treatment options through the medical care authorized by Newt Marine because Dr. Field has found Abitz reached maximum medical improvement. Therefore, the medical treatment provided by Newt Marine—or the lack thereof—is less extensive than the care Abitz requests, and the deputy commissioner was justified in authorizing alternate medical care. *See id.* at 437. Substantial evidence supports the deputy's finding, and therefore, we affirm.

Newt Marine also argues the deputy commissioner erred in applying the law to the facts of this case, rendering the deputy commissioner's decision irrational, illogical, or wholly unjustifiable. *See* Iowa Code § 17A.19(10)(m). Specifically, Newt Marine claims the deputy commissioner misstated the law when, after noting the "great discrepancy between [Abitz]'s description of his symptoms and impairment, and the assessment of them by Dr. Field," the deputy commissioner held "more information is always better than less" and it "is better to err on the side of caution and be sure we know what is going on with [Abitz]'s shoulder before resolving this claim." It argues the deputy failed to hold Abitz to his burden of proving the medical treatment it offered was unreasonable and instead applied an improper desirability standard. *See Long v. Roberts Dairy Co.,* 528 N.W.2d 122, 124 (Iowa 1995) (noting a claimant's desire for alternate

medical treatment is not determinative of whether the treatment offered by the employer is inferior or less extensive than the claimant's proposed treatment).

We are unable to find the deputy commissioner misapplied the law. The ruling articulates the appropriate standard stating: "By challenging the employer's choice of treatment—and seeking alternate care—claimant assumes the burden of proving the authorized care is unreasonable. . . . The employer's obligation turns on the question of reasonable necessity, not desirability." Citing both *Long* and *Pirelli-Armstrong Tire Co.*, the ruling then states: "The commissioner is justified in ordering alternate care when employer-authorized care has not been effective and evidence shows that such care is 'inferior or less extensive' care than other available care requested by the employee." The deputy commissioner made the statements complained of while analyzing the reasonableness of the medical care authorized by Newt Marine, before concluding Abitz "has carried his burden of proof to show [Newt Marine had] not provided medical treatment reasonably suited to fully treat his work injuries." The ruling is not irrational, illogical, or wholly unjustifiable.

For the reasons above, the district court properly denied Newt Marine's petition for judicial review. Accordingly, we affirm.

**AFFIRMED.**