EMIL FISCHER, Appellee, v. W. F. PRIEBE & Co., Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—Court
1   **Decree—Errors in Computation—Appeal.** The decree of the court, in aid of the enforcement of the findings of boards of arbitrators or industrial commissioner under the Workmen's Compensation Act, will not be reversed for errors in computation as to the amount of the accumulated unpaid payments, not called to the attention of the court, but raised for the first time on appeal.

MASTER AND SERVANT:   Workmen's Compensation Act—Reduc-
2   tion of Payments by Physical Recovery—Burden of Proof.   An
employer has the burden of proof to show that the servant has
recovered his earning power, and that the payments should be
reduced in accordance with the order of the arbitrators or com-
missioner.

MASTER AND SERVANT:   Workmen's Compensation Act—Arbi-
3   tration—Taxation of Fees.   The fees of arbitrators under the
Workmen's Compensation Act are properly taxed to the employer.

MASTER AND SERVANT:   Workmen's Compensation Act—Find-
4   ings of Arbitrators—Hospital Fees—Review by Court.   The
court, upon entering a decree in aid of the enforcement of an
award under the Workmen's Compensation Act, may not review
the allowance of hospital fees made by the arbitrators or commis-
sioner, especially where the employer, on appeal, asserts that he
"does not complain of any finding of fact or conclusion of law
extending back beyond the decree of the court."

*Appeal from Carroll District Court.*—M. E. HUTCHISON,
Judge.

WEDNESDAY, NOVEMBER 22, 1916.

THE opinion sufficiently states the case.—*Affirmed.*

*T. M. Coen* and *Lee & Robb,* for appellant.

*Brown McCrary,* for appellee.

WEAVER, J.—The abstract states, in general terms, that
there was a hearing before the board of arbitration to con-
sider a claim presented by plaintiff against his employer, the
defendant, under the provisions of the Workmen's Compen-
sation Act; that the board found and returned that the plain-
tiff was entitled to such compensation at the rate of $8.15
per week for the period of 100 weeks, and ordered the fees
of arbitrators and all other costs to be paid as by statute pro-
vided.   It is further stated that thereafter, defendants pre-
sented to the Industrial Commission a petition for review,

the substance of which was that the award had not sufficient support in the evidence; that the board erred in the admission of evidence, in allowing the plaintiff's claim for hospital fees, and in taxing costs. It is further stated that thereafter the Industrial Commission readjusted the award by ordering the allowance of $8.15 to be paid for a period not exceeding 300 weeks, but subject to the proviso that, if plaintiff recovered from his injury sufficiently to earn part wages, the compensation named should be reduced to one half his actual loss of earning power. The petition for review was denied. Thereafter, the plaintiff filed in the district court a copy of said award of the arbitrators and order of the commissioner, and on his application the court entered a decree (so-called), reciting the proceedings shown by the certified copy filed as aforesaid and ordering that defendant obey and comply with the award, as confirmed by the commissioner. It also found the unpaid accumulated amount of the award to be $655.70, which defendant was ordered to pay, together with arbitrator's fees and hospital expenses, as assessed by the commissioner. From this decree or order, the defendant has appealed.

It is to be said at the outset that the abstract, though alleged to contain the entire record, is so fragmentary and incomplete as to render any review of the proceedings extremely unsatisfactory. We shall, however, briefly consider the three alleged errors assigned for a reversal.

I. It is said that the decree permits the plaintiff to recover weekly compensation from the date of his injury, when the statute provides that such allowance shall begin on the fifteenth day after the injury. This conclusion is reached by taking the gross amount allowed for accumulated unpaid installments and dividing it by the weekly rate, which process, counsel say, will show the correctness of their claim. We do not stop to apply the test. The proceedings under the Workmen's Compensation Act are, and

1. MASTER AND SERVANT: Workmen's Compensation Act: court decree: errors in computation: appeal.

are intended to be, simple and informal. The transcript of the findings and orders of the commission and arbitrators to the district court are not for the purpose of a retrial, but to provide means by which those findings and orders may be enforced. Should the court, in making up its entry, make a mistake in computation, we presume it would be rectified on the spot, if a party interested is solicitous enough about it to point it out. The judgment in this case is not in all respects like other judgments. By the terms of the adjusted award of the arbitrators, the allowance made is subject to reduction or further readjustment if plaintiff shall improve materially in his earning capacity, and, if it be true that any mistake has been made in a mere matter of computation, it will doubtless be within the power of the court to remedy it by an entry *nunc pro tunc* or otherwise, when the matter is properly presented. So far as the record shows, the objection was not raised in the trial court, and we will not order a reversal on account of it. It may also be said that it is very possible that the court found the plaintiff entitled to interest on the delayed payments, and, if so, its action was not erroneous.

II. It is next argued that, as the full amount of $8.15 per week was made subject to reduction if plaintiff's condition should improve sufficiently to enable him to earn part 2. MASTER AND wages, the court should have inquired and SERVANT: Work- ascertained whether his earning capacity had men's Compen- sation Act: re- not been restored, wholly or partially. This duction of pay- ments by phys- contention involves a misconstruction of the ical recovery: burden of proof. effect of the judgment. And, again, this objection was not raised in the lower court. If defendant shall claim at any time that plaintiff has in fact recovered his earning capacity wholly or in part, it is doubtless open to him to secure a modification of the weekly allowance by applying to the commissioner and establishing the fact asserted by him. It cannot be supposed that the commissioner, in modifying the award, intended that plaintiff must, before

recovering each and every installment of the weekly allow-ance in his favor, produce proof of his continued disability. The fact that the award was limited to 300 weeks involves the finding or judgment of the commissioner that the injury was of sufficiently permanent character to cover that period; but, as a matter of precaution in defendant's favor, a door was left open for his release from liability, should it happen that plaintiff's condition improved before the expiration of the time named. The burden of establishing his claim to such relief is upon the defendant.

III. It is alleged that the court erred in charging the fees of the arbitrators to the defendant, instead of appor-tioning one half to each party. It is enough to say that the statute provides (Section 2477–m31, Code Supplement, 1913) that such fees shall be paid in the first instance by the employer, who may deduct one half of such payment from any compensation found due to the employe. The court, therefore, properly taxed the fees to the appellant. Whether he will be entitled to reimbursement, in the form of a credit upon the amount of compensation with which he is charged, is a question not raised by this record.

3. MASTER AND SERVANT: Work-men's Compen-sation Act: arbitration: taxation of fees.

IV. The only other error assigned is that the court had no authority to tax defendant with the hospital fees. If we understand counsel, this objection is grounded upon the al-leged fact that the board of arbitration did not make any allowance of this kind, and that the court had no authority to grant such original relief. The record does not bear out the objection. The original award made by the arbitrators is not set out in full in the abstract, but the petition for review of such award distinctly admits that an allowance of $100 was made for medical and hospital expenses. The commissioner overruled the objections to the award, and, acting apparently on his own motion, modified it only with respect to the period for which compensation

4. MASTER AND SERVANT: Work-men's Compen-sation Act: findings of arbitrators: hospital fees: review by court.

was allowed, as already indicated. Counsel for appellant expressly say that they do "not complain of any finding of fact or conclusion of law extending back beyond the decree of the district court." It follows quite necessarily that the taxation of the item for hospital or medical expenses by the board of arbitration cannot now be rejected as erroneous. It was not within the authority of the court to review or reverse or modify the award. Its function in the matter was simply to receive the award certified to it and "render a decree in accordance therewith and notify the parties." This is what seems to have been done, and we find no error therein. It should also be noted that, while appellant seems to have been in court by his counsel when this matter was disposed of, there appears to have been no specific objection to the entry of the decree, or to the items allowed in plaintiff's favor, the only resistance thereto being the notation of an exception.

So far as the matter of taxation of costs is concerned, the record discloses no motion for their re-taxation, and we will not further look into the record on that subject.

The decree of the district court and the rulings complained of are—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.