FRANK SOUKUP, Claimant, Appellee, v. SHORES COMPANY, Employer, ST. PAUL-MERCURY INDEMNITY COMPANY, Insurance Carrier, Appellants.

No. 43324.

JULY 31, 1936.

Carr, Cox, Evans & Riley and B. T. Perrine, for appellants.

Carl F. Jordan, for appellee.

DONEGAN, J.—On December 22, 1933, the claimant, Frank Soukup, was working for the Shores Company. While engaged in tearing down part of a brick building he fell from a scaffold upon which he was standing and sustained a fracture of the os calcis or heel bone. On January 16, 1934, the claimant and his employer and the St. Paul-Mercury Indemnity Company, which carried the employer's liability insurance, filed in the office of A. B. Funk, Iowa industrial commissioner, a memorandum agreement of settlement under which the claimant's compensation was fixed at $7.26 per week. After 49 such weekly payments of compensation had been made, the insurance carrier discontinued payments. Thereafter, on December 17, 1934, claimant filed with the industrial commissioner an application for reopening the cause under the provisions of section 1457 of the code, alleging that he was totally disabled, that he was not able to return to his work by reason of the condition of his leg, which was still being treated by physicians, and asked that upon hearing he be granted such relief as he might be entitled to in the premises. On March 23, 1935, the defendants, Shores Company and St. Paul-Mercury Indemnity Company, filed answer alleging the payment of compensation for 49 weeks, that they had tendered the claimant an additional payment of $7.26 to make a total of 50 weeks, denying all the other allegations of the application, and asking that the application be dismissed. Hearing was had on this application before the deputy industrial commissioner, on April 2, 1935, at which time evidence of the claimant, of two doctors, one in behalf of claimant and the other in behalf of the defendants, and an extract from a letter of Dr. Steindler of Iowa City were admitted in evidence. On the 6th day of April, 1935, the deputy industrial commissioner rendered a decision in which he found that the claimant's right foot was permanently disabled 50 per cent, and ordered that he be paid additional compensation in the sum of $98.01. From this decision of the deputy industrial commissioner the claimant

appealed to the district court of Linn county, Iowa. On hearing of this appeal the district court entered a decree finding that the claimant had been totally and permanently disabled industrially, and that, by reason thereof, he was entitled to a total of 400 weeks compensation, including the payments previously made, with interest on payments past due from the time they became due. From this decree and order of the court the defendants, employer and insurance carrier, appeal to this court.

Two errors are alleged and presented for our consideration as grounds for reversal: (1) that the decree of the district court is void because that court was without jurisdiction to entertain or decide the appeal; and (2) that the district court erred in finding that the claimant was totally and permanently disabled and entitled to 400 weeks compensation, and in refusing to confirm the finding and award of the deputy industrial commissioner as to the extent of claimant's disability and as to the compensation to which he was entitled.

■■■ I. It is claimed by the defendants-appellants in this case that the district court was without jurisdiction to consider the appeal from the decision of the deputy industrial commissioner, because, it is alleged, the only appeal provided for in the workmen's compensation act is found in section 1449, code of 1931, and the only appeal authorized under that section is from a decision or order of the industrial commissioner in a proceeding on review. It is argued that the decision of the deputy industrial commissioner reopening the case was not a decision or order in a proceeding on review, and that, therefore, no appeal from such decision lies to the district court. It may be conceded that no appeal to the district court can be had in workmen's compensation cases, except as provided by statute. The Home Savings & Trust Company v. District Court of Polk county, Iowa, et al., 121 Iowa 1, 95 N. W. 522; Midwestern Realty Company v. City of Des Moines, 210 Iowa 942, 231 N. W. 459.

It may also be conceded that the only provision for an appeal from an order or decision of the industrial commissioner is that found in section 1449, Code 1931, and that, by the terms of that section, such appeal is confined to orders or decisions of the industrial commissioner "in a proceeding on review". The case of Hampton v. Des Moines & Central Iowa R. Co., 217 Iowa 108, 250 N. W. 881, cited by appellants, in-

volved an appeal to the district court from a finding and award of the industrial commissioner sitting as an arbitrator, the appointment of arbitrators by the parties having been waived. No review of such finding was asked as provided by section 1447 of the Code, and this court held that the district court was without jurisdiction to consider such appeal, because it was not from a decision or order of the industrial commissioner on review, but was from the decision and award of the commissioner as arbitrator. We think the appellants are mistaken, however, in their contention that the only proceeding on review before the industrial commissioner, from which an appeal may be taken, is a proceeding in which the industrial commissioner reviews the finding of an arbitration board, or of himself or his deputy sitting as arbitrator. Section 1457, Code of 1935, is as follows:

"1457. * * * Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, *may be reviewed* by the industrial commissioner at the request of the employer or of the employee at any time within five years from the date of the last payment of compensation made under such award or agreement, and if *on such review* the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon." (Italics are ours.)

Under the express terms of this statute the action of the industrial commissioner in opening up an award or agreement previously made is called a review and on such review, if the commissioner "finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon." Section 1425, Code of 1931 is as follows:

"1425. * * * In the absence or disability of the industrial commissioner, or when acting under the directions of the commissioner, the deputy shall have all of the powers and perform all of the duties of the industrial commissioner pertaining to his office."

Under the facts of this case, we think the action of the deputy industrial commissioner in opening up the agreement previously entered into between the parties was the act of the industrial commissioner, that the action taken by the industrial

commissioner through his deputy *was a review* of the agreement for settlement, and that the decision and order entered by him *on such review* may be appealed from to the district court under section 1449.

██ II. In reopening the case on the claimant's application, the deputy industrial commissioner, after hearing evidence, decided that the claimant's right foot was permanently disabled to the extent of 50 per cent as a result of the injury received, and ordered that additional compensation be paid to him, on that basis. On appeal to the district court by claimant, the district court found that there was insufficient evidence to support the finding of the deputy industrial commissioner, and that on the undisputed evidence claimant was totally and permanently disabled and was entitled to additional weekly compensation to make a total of 400 weeks. From this finding of the district court the defendants, employer and insurance carrier, appeal to this court.

It is contended by the appellants that the finding of the deputy industrial commissioner was based upon sufficient evidence, and that, under section 1452, Code of 1931, such finding, in the absence of fraud, is conclusive. The appellee contends that the undisputed competent evidence before the industrial commissioner showed that the claimant was totally and permanently disabled, and that the finding of the deputy industrial commissioner that there was only 50 per cent disability of the injured foot is not, therefore, supported by the evidence.

It is quite apparent that the dispute between the parties arises out of their divergent views as to the effect of the decision in Diederich v. Tri-City Ry. Co., 219 Iowa 587, 258 N. W. 899. The appellee contends that, as in that case, so in the case at bar, there was undisputed evidence as to total and permanent industrial disability. The appellants contend that the decision in the Diederich case does not apply, for the reason that, in the case at bar, the extent of the disability is regulated by the specific provisions of the statute, section 1396, Code of 1931.

The evidence presented at the hearing on reopening before the deputy industrial commissioner showed that the injury sustained by claimant was a fracture of the os calcis or heel bone. This evidence also showed that, as a result of this injury, the movement of claimant's foot was reduced to from 25 to 50 per cent of normal; that, when assuming certain positions on the

foot, it caused pain; and that, after walking on the foot for two or three hours to half a day, it became tired and painful. The claimant's evidence further tended to show that, because of this condition of the foot, he was totally and permanently disabled from performing the labors of the occupation in which he had previously been engaged or of any occupation for which he was fitted and in which he would be able to obtain employment.

Section 1396, so far as applicable to this case, is as follows:

"1396.  * * * Compensation for permanent partial disability shall begin at the date of injury and shall be based upon the extent of such disability, and for all cases of permanent partial disability included in the following schedule compensation shall be paid as follows: * * *

"14.  For the loss of a foot, weekly compensation during one hundred twenty-five weeks. * * *

"20.  In all other cases of permanent partial disability, the compensation shall bear such relation to the periods of compensation stated in the above schedule as the disability bears to those produced by the injuries named in the schedule."

Under the provisions of the above statute, we think that the legislature has definitely fixed the amount of compensation that shall be paid for the specific injuries therein enumerated, and that, regardless of the education or qualifications or nature of the particular individual, or of his inability because of such injury to engage in employment for which he is fitted, the compensation payable to him under the workmen's compensation act (Code 1931, §1361 et seq.) is limited to the amount therein fixed. Moses v. National Union Coal Mining Company, 194 Iowa 819, 184 N. W. 746; Spurgeon v. Iowa & Missouri Granite Works, 196 Iowa 1268, 194 N. W. 286; Pappas v. North Iowa Brick & Tile Company, 201 Iowa 607, 206 N. W. 146; Bateman Manufacturing Co. v. Smith, 85 N. J. Law 409, 89 A. 979. Under the provisions of the statute and the holdings in the cases above cited, the claimant could not have been allowed compensation in excess of 125 weeks, had he suffered the loss of the entire foot. Under the provisions of paragraph 20 of section 1396, the compensation allowed "shall bear such relation to the periods of compensation stated in the above schedule as the disability bears to those produced by the injuries named in the schedule." It is undisputed in the evidence that the injury was confined

to the claimant's foot, and to the heel bone and two or three other bones in the foot. The evidence shows that the claimant retains 25 to 50 per cent of normal motion in the foot, and that he is able to walk upon it and use it for two or three hours to half a day without suffering ill effects. Instead of suffering the entire loss of the foot the claimant still has a foot with 25 to 50 per cent normal motion which can be used for from two or three hours to half a day without pain or tiring. Such being the evidence, it cannot be said that there is a total permanent disability. The disability under such evidence is a permanent partial disability, and the permanent partial disability could, under no circumstances, be greater than it would be in case of the loss of the entire foot. Under the evidence, it was the duty of the deputy industrial commissioner to determine the extent of such permanent partial disability, and we think the evidence was clearly such that he could find therefrom the relation which such permanent partial disability bore to the loss of a foot, and that he could find therefrom that it was not equal to the disability resulting from such loss. We think that the decision of the deputy industrial commissioner fixing the amount of disability at 50 per cent of that resulting from the entire loss of a foot has ample support in the evidence and that, this being true, the district court was without power to disturb the finding thus made by him.

The right of a workman to receive compensation for injuries sustained by him growing out of and in the course of his employment is purely statutory. The statute conferring such right upon the workman can also fix the amount of compensation to be paid for different specific injuries, and the employee is not entitled to compensation except as provided by the statute. That a workman sustaining one of the minor injuries for which specific compensation is provided under the statute might, because of such injury, be unable to resume his employment and, because of his lack of education or experience or physical strength or ability, might be unable to obtain other employment, does not entitle him to be classed as totally and permanently disabled. It may be conceded that the legislature, if it saw fit to do so, might make such a provision. As the law stands, however, no such provision has been made by the legislature, and it is not the province of the court to enact

such a provision by what is sometimes referred to as judicial legislation.

The decree and order of the district court is reversed and the cause is remanded with instructions to the district court to enter an order in conformity with this opinion.—Reversed and remanded.

PARSONS, C. J., and HAMILTON, STIGER, KINTZINGER, and RICHARDS, JJ., concur.