RAYMOND STOWE, claimant-appellee, v. BOOTH & OLSON, INC., employer, and ASSOCIATED INDEMNITY CORPORATION, insurance carrier, appellants.

No. 48555.

(Reported in 66 N.W.2d 382)

OCTOBER 19, 1954.

Deck & Mahr, of Sioux City, for appellants.

William O. Anderson and Daniel D. Sanderson, both of Estherville, for appellee.

HAYS, J.—Appeal by an employer and his insurance carrier from a decision of the district court in a Workmen's Compensation case.

Claimant was employed in 1951 by Booth & Olson, Inc., as a laborer. In October he was injured while loading rock, received medical treatment and returned to work within a few days. On November 10, 1951, he wrenched his back while moving paving forms. On November 12 he was in a slight automobile accident but received nothing more than a bumped head. November 13 he went to a hospital where he remained until December 12. December 27 he returned to the hospital and was there until January 30, 1952, at which time he was released. While in the hospital he was examined by Doctors Spellman and Krigsten. He was treated for back injuries and, as a part of the examination, a myelogram was taken of the thoracic area which revealed no spinal trouble. Claimant's employment with Booth & Olson, Inc., terminated with the injury on November 10, 1951. After being released from the hospital, he worked at various jobs. This case was commenced in July 1952. In August 1952 he sustained an injury to his back while handling cement and was hospitalized for about a month. Thereafter he obtained light work with a produce company where he was employed at the time of the hearing before the arbitrator on December 19, 1952. In December 1952 claimant went to the hospital where another myelogram was taken, this time extending up into the neck, and it was revealed that he had a herniated disk at the level of the fifth cervical interspace.

At the hearing on December 19, 1952, before the deputy commissioner as arbitrator, the testimony was largely medical, and, in addition to the facts above related, the record sets

forth the testimony of the two doctors. Both admit the existence of the herniated disk at the present time. Doctor Spellman, claimant's witness, gives it as his opinion that the disk was caused by the injuries in 1951 and that due to an error in limiting the first myelogram to the thoracic area it was not discovered at that time. He says that the injury in August 1952 was a precipitating factor. Doctor Krigsten, employer's witness, states as his opinion that the disk was not there in 1951 and that probably the August injury was the cause thereof. He admits, however, that it might have been present and not revealed due to error in the taking of the first myelogram. He adds, however, that the August injury at least did something to it. Only Doctor Krigsten was asked as to the present percentage of claimant's disability and he places it at 25% of total. There is nothing in the record as to the percentage of disability as of November 10, 1951.

The deputy commissioner found that claimant had sustained a compensable injury in November 1951, which arose out of and in the course of his employment with Booth & Olson, Inc. He found a permanent partial disability to the extent of 25% of total. The commissioner on review filed his findings of fact and conclusions of law in which he sustained the deputy commissioner's award in all respects except as to the extent of disability, which he reduced to 15% of total. On claimant's appeal to the district court from said findings and conclusions by the commissioner, the court stated: "The commissioner having found * * * a compensable injury on November 10, 1951, it would seem that either the extent of his disability must be found to be 25%, the only percentage mentioned in the record, or the matter should be remanded for further evidence on the question of the two injuries * * *." It then confirmed the findings and conclusions of the commissioner except as to the percentage of disability, which it increased to 25% of total.

The employer and insurance carrier have appealed from that decision and assert two alleged errors: (a) No competent evidence to support the finding that the November 10, 1951, injury could have resulted in a permanent partial disability; (b) if such a finding is warranted it was error for the court to

change the percentage of disability as the commissioner's finding was conclusive on the court.

■ I. As to the first assigned error: The foregoing statement of facts, as revealed by the record, shows there was a sharp conflict in the testimony upon this particular question. It presented such an issue that had the case been triable to a court and jury the issue would be for the jury to determine. Under such a situation the commissioner's findings have the force of a jury verdict and are conclusive upon the appellate court. Section 86.29, Code, 1950; Alm v. Morris Barick Cattle Co., 240 Iowa 1174, 38 N.W.2d 161; Schuler v. Holmes, 242 Iowa 1303, 49 N.W.2d 818. The record amply sustains the commissioner's findings and we find no merit to this contention.

II. Was it error for the trial court to increase the percentage of disability found by the commissioner? In other words, are such findings conclusive? Appellants contend that they are while the appellee asserts that since there was no conflict in the record as to this feature, it becomes a question for the court.

■ Under the compensation statutes it is the duty of the commissioner to not only determine if a compensable injury exists but also to determine the extent thereof and make an award. The record here shows the injury and there is medical testimony as to the extent of disability carried by the claimant. It presents a fact question for the commissioner, and the fact that the only medical testimony thereon places the disability at 25% of total does not necessarily make it a law question for the court. Enfield v. The Certain-Teed Products Co., 211 Iowa 1004, 233 N.W. 141. It is similar to a jury trial where the jury is to ascertain the damage, not exceeding however the amount shown by the testimony. The commissioner, as a fact finder, placed the extent of disability at 15% of total which was within the range of the testimony. His finding is conclusive upon the trial court. Schuler v. Holmes, supra.

The case is reversed and remanded for an award of 15% disability as found by the commissioner.—Reversed and remanded with instructions.

All JUSTICES concur.