CHARLES HENDERSON, appellee, v. CHARLES F. ILES and HAROLD
McKINNEY, known as FILM TRANSPORTATION COMPANY,
employer, and IOWA MUTUAL INSURANCE COM-
PANY, insurance carrier, appellants.

No. 49195.

(Reported in 82 N.W.2d 731)

848

MAY 7, 1957.

Reed, Beers, Beers & Hughes, of Waterloo, for appellants.

Myles J. Kildee, of Waterloo, for appellee.

LARSON, J.—As a result of a truck accident on June 11, 1954, claimant-employee was injured. A memorandum of agreement as to compensation filed June 24 by the defendants, employer and insurance carrier, was approved by the industrial commissioner June 29, 1954. It stated claimant suffered "temporary disability, probable duration thereof four to six weeks"; that the nature of the injury was "torn muscles and tissue of the right shoulder and arm and of the upper back", and that "the actual daily wage $\times$ 300 $\div$ 52.60% thereof (was) $28.00 per week." Defendants agreed therein "to pay in accordance with the requirements of the Iowa Compensation Act." The agreement form used further states: "Agreement as to liability

under the provisions of the Workmen's Compensation Law, having been reached, this memorandum thereof is being furnished to the Industrial Commissioner for his consideration, in compliance with the provisions of Sec. 86.13, Code 1946." Acting under this arrangement defendants did pay the physician's fees, hospital bills, and medical expenses to January 3, 1955, and paid claimant compensation at the rate of $28 per week for 26 weeks or through December 10, 1954, all of which was duly acknowledged by receipt executed by claimant.

As a result of defendants' refusal to extend further compensation, claimant on March 8, 1955, filed what he called an application for arbitration, which among other claims and admissions stated: "From the standpoint of his ability to go back to work and earn a living for himself and his family, the injury inflicted by the aforesaid truck accident and the natural consequences flowing therefrom and traceable thereto, his disability is a total disability for he is not able again to do carpenter work, or drive the transportation truck and do the work the company demanded of him prior to the time of the accident."

Pursuant to due notice, a hearing was had before the deputy industrial commissioner on June 23, 1955, in Waterloo, Iowa. Considerable evidence was introduced which referred solely to the extent and permanency of claimant's injury. In a decision rendered July 8, 1955, entitled "Review Reopening Decision", the deputy industrial commissioner held claimant "disabled to the extent of 17½% of the body as a whole", and granted him compensation for a total of 107½ weeks less the 26 weeks previously paid him. Defendants' payment of certain additional doctor and hospital bills was also ordered.

Dissatisfied with this determination, claimant on July 15, 1955, filed with the commissioner a Petition for Review under section 86.24. No appeal to the district court was taken until after the commissioner on October 1 had issued an opinion stating he had no power to reconsider the matter. However, on November 4, 1955, claimant did appeal to the District Court of Howard County, which over defendants' objections reviewed the proceedings and held that the commissioner erred in not reviewing the decision of his deputy, and that the purported

action by the claimant under section 86.14 was proper. It further held the evidence disclosed claimant's permanent total disability and granted relief accordingly.

Defendants appealed assigning three errors, only two of which need be considered here: first, that the court erred in holding that it had jurisdiction of the subject matter and the parties; and second, that the court erred in holding there was not sufficient competent evidence in the record to support the decision of the industrial commissioner.

Defendants contend the action taken by claimant was in truth and in fact a Reopening and Review under section 86.34; that the hearing by the deputy commissioner, acting for the commissioner, is only appealable to the district court and not reviewable by the commissioner; and that since no appeal was taken within thirty days from the deputy's decision, his finding and decision was final and the district court had no jurisdiction to consider the appeal. They further contend the finding of the deputy commissioner on the extent of disability was a determination of fact based upon substantial evidence and therefore not subject to alteration by the judgment of the district court. We agree with all these contentions.

I. Any party aggrieved by any decision or order of the industrial commissioner may, within thirty days from the date such decision or order is filed, appeal to the district court of the county in which the injury occurred, by complying with the terms of section 86.26, Code of Iowa, 1954. It must be conceded that if the hearing before the deputy commissioner on June 23, 1955, was not subject to review by the commissioner, the appeal to the district court on November 4, 1955, was too late, for much more than thirty days had elapsed since the decision in that matter was filed on July 8, 1955.

There are but two ways provided in the Workmen's Compensation Law for a claimant to proceed to secure compensation. A memorandum of agreement in regard to compensation must be filed with the commissioner (section 86.13) or the claimant must file with the commissioner a petition and copy thereof, stating therein his or her claims in general terms and asking that a board of arbitration be formed (section 86.14). See Otis v. Parrott, 233 Iowa 1039, 1044, 8 N.W.2d 708. It is

undisputed such a memorandum of agreement in regard to compensation was filed in the matter before us and that it was approved and compensation was paid thereunder. It is true the exact extent of disability or the term of payments was not then determined, but in such cases seldom can they be finally concluded immediately after an accident. Usually such determination should abide the claimant's recovery or a subsequent discovery of the true nature and extent of the disability. Under the agreement filed herein the compensation approved was for temporary disability not to exceed the period provided by the statute. Under section 86.34 it was subject to commissioner's review, having been at least partially executed. See 13 Iowa Law Review 110; Sauter v. Cedar Rapids & Iowa City Ry., 204 Iowa 394, 214 N.W. 707.

Section 86.34 provides: "Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner or a deputy commissioner at the request of the employer or of the employee at any time within three years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon. Any party aggrieved by any decision or order of the industrial commissioner or a deputy commissioner on a review of award or settlement as provided in this section, may appeal to the district court of the county in which the injury occurred and in the same manner as is provided in section 86.26."

This view has support in our decision in Secrest v. Galloway Co., 239 Iowa 168, at 174, 30 N.W.2d 793, 797, where we said: "An examination of section 1457 [now 86.34] and its history shows that the law has given the commissioner capacity to entertain an application for a review. *It is not the commencement of a new proceedings but rather a continuation of one already pending.*" (Emphasis supplied.)

Claimant's, Henderson's, case was pending before the commissioner prior to the filing of his petition of March 8, and

further proceedings under section 86.34 were not only indicated but required. Bever v. Collins, 242 Iowa 1192, 49 N.W.2d 877. Previously the employer had admitted the relationship, the injury, and that it was received in the course of claimant's employment. Liability was accepted and the amount per week settled. The only question remaining was the then undeterminable extent thereof. See Sheker v. Quealy, 232 Iowa 429, 4 N.W.2d 250. For a period of three years from the date of the last payment made under the award or agreement, capacity remained in the commissioner to review and establish this fact as the passage of time revealed the true nature of the injury. The law provides a speedy review of this single determination by the district court. Nothing could appear more fair to the claimant nor more in harmony with the spirit of the Compensation Law, which contemplates an uncomplicated and prompt method of providing complete and speedy benefits to the injured party. Tischer v. Council Bluffs, 231 Iowa 1134, 1147, 3 N.W.2d 166. Neither party, employer or employee, should be able to delay and harass the other with unnecessary or useless procedure. The proceedings are and are intended to be simple and informal. Fischer v. Priebe & Co., 178 Iowa 512, 514, 160 N.W. 48.

We are satisfied the agreement filed herein was pursuant to and within the spirit and intention of section 86.13, Code of Iowa. The effect of such a memorandum was considered by us in Spurgeon v. Iowa & Missouri Granite Works, 196 Iowa 1268, at 1272, 194 N.W. 286, 287, where we said: "In practice it is found that there are many injuries which affect the earning capacity, but the extent cannot be determined for a considerable time after the injury. To wait until the exact effect is determined before beginning to pay weekly compensation would destroy the intent of the law. Therefore, agreements are made to pay the weekly compensation awaiting subsequent developments to determine the time during which the weekly payments must continue. This is the common practice, and the agreement in the instant case is a very common form of agreement in compensation settlement. * * * It is apparent that the extent of the disability in the instant case was not known when the agreement was entered into and filed. Temporary disability did exist,

and final settlement could be made only on the basis of the time lost. When permanent disability, either total or partial, develops, it then becomes necessary that a settlement is made on the basis of loss of function as provided by law."

In that case the commissioner, acting through his deputy, reviewed the memorandum agreement and raised the award. Appeal to the district court was approved as the proper procedure, and the award of the commissioner was affirmed by us on appeal.

■ The entitlement of claimant's application to the commissioner in March was not conclusive, for in truth and in fact it was, as the petition itself alleged, not only for a further extension of temporary disability, but claimed a change in the facts and circumstances which now disclosed claimant's total and permanent disability. We conclude the commissioner was correct in holding that the hearing was a reopening and review under section 86.34. We cannot, in view of the spirit of this law, direct that such determination be sent back through the arbitration hearing, appeal to the commissioner, and then to the courts, when such matter is determinable in one hearing with an immediate appeal to the courts. Manifestly, then, such a hearing and determination by the deputy commissioner, acting for and in behalf of the commissioner, was not then reviewable before the commissioner. See Stice v. Consolidated Indiana Coal Co., 228 Iowa 1031, 291 N.W. 452.

II. While what we have said probably disposes of the case, we desire to give some consideration to the second assignment of error. We find ourselves unable to agree with the trial court's determination that there was insufficient evidence to support the determination by the commissioner.

■ This court has repeatedly held that where the facts are in dispute, or where reasonable minds may differ on the inferences to be drawn from the proven facts and circumstances, the findings of the commissioner are conclusive. If the evidence presents a question which should have been submitted to a jury, if the trial were before a jury, then the court is bound by the findings of the commissioner. We have never departed from this rule. Reynolds v. George & Hoyt, 230 Iowa 1267, 1271, 300 N.W. 530; Reddick v. Grand Union Tea Co., 230 Iowa 108,

296 N.W. 800. And this rule is applicable where as here there is a conflict in expert testimony. See Lindeken v. Lowden, 229 Iowa 645, 659, 295 N.W. 112, 119; Stowe v. Booth & Olson, Inc., 245 Iowa 1374, 1377, 66 N.W.2d 382, 383, and cases cited therein; Sinclair v. McDonald, 229 Iowa 1234, 296 N.W. 362; Smith v. Soldiers' and Sailors' Mem. Hosp., 210 Iowa 691, 231 N.W. 490. Reviewing the medical testimony in Nellis v. Quealy, 237 Iowa 507, 510, 21 N.W.2d 584, 589, we said: "Insofar as the foregoing medical testimony presents a conflict, the issue was for the commissioner", citing cases.

In Stowe v. Booth & Olson, Inc., supra, we said: "The record here shows the injury and there is medical testimony as to the extent of disability carried by the claimant. It presents a fact question for the commissioner, and the fact that the only medical testimony thereon places the disability at 25% of total does not necessarily make it a law question for the court. Enfield v. The Certain-Teed Products Co., 211 Iowa 1004, 233 N.W. 141. It is similar to a jury trial where the jury is to ascertain the damage, not exceeding however the amount shown by the testimony. The commissioner, as a fact finder, placed the extent of disability at 15% of total which was within the range of the testimony. His finding is conclusive upon the trial court," citing Schuler v. Holmes, 242 Iowa 1303, 49 N.W.2d 818.

In the case at bar there is a clear conflict as to the extent of claimant's disability, and as to his ability to resume productive activity. In addition to his own statement that he could not engage in his old work as a delivery truck driver or as a carpenter, Dr. C. P. Addison and Dr. John R. Walker stated in substance that his disability at the present time was total disability. Doctor Walker, however, formerly had fixed claimant's disability of the shoulder at 10%, and gave no final estimate as to the back. On the other hand, Doctor Diamond, testifying for the defendants, had examined claimant twice and said "I would say 10%" to a question as to his opinion on the shoulder disability. He said this was permanent. As to the back disability he said: "* * * I do believe he has some mild disability in his back. * * * I would say probably about ten per cent of the back." To the question: "Based upon your examination what

is your opinion as to the ability of Mr. Henderson to be engaged in gainful employment at this time", he replied, "I believe he could be engaged in gainful employment." He further stated he believed claimant could engage in carpenter work and do most all those tasks, and that he could drive a truck, carry film cases occasionally, and could do "almost any job that I could think of, even at Deere's or Rath's." He attributed much of claimant's ailment to his nervousness and his mental attitude, and stated while it could retard his progress, it was not on a permanent basis. He felt it would be overcome. In view of the trial court's conclusion that the evidence did not refer to industrial disability but to functional disability, we note from the record Doctor Diamond was asked: "* * * he does have an industrial, what the law calls industrial disability? He has lost some of his ability to earn wages?" He then replied: "Some of his ability I would say."

What then is the correct per cent of claimant's permanent industrial disability? We think here it is a fact question well within the province of the commissioner, acting as a jury, to decide. We conclude it was error for the trial court to interfere with this determination, for such determination was well within the range of the testimony.

So whether we hold the trial court was without jurisdiction to consider this appeal from the commissioner's determination or hold it in error for interfering with the commissioner's finding of fact as to the extent of claimant's permanent disability, we arrive at the same conclusion, i.e., the clear duty of this court to uphold the finding and determination of the deputy industrial commissioner.

Considerable reliance is placed both by the claimant and the trial court on the decision and reasoning of this court in Diederich v. Tri-City Ry. Co., 219 Iowa 587, 590, 591, 258 N.W. 899, 900, where the trial court was sustained when it reconsidered the evidence and held the commissioner erred as a matter of law in finding claimant not entitled to added compensation. With the rule announced therein that " 'when the industrial commissioner's finding, however, is not supported by the evidence, and when, on the other hand, the evidence is without

conflict and all of it is against the conclusion reached by him, then the courts may interfere and modify, set aside, or reverse his ruling * * *'", citing Tunnicliff v. Bettendorf, 204 Iowa 168, 214 N.W. 516, we do not disagree. However, in the Diederich case the court said:

"A careful review of the evidence in the case at bar shows that there is no conflict; that there was no competent evidence to show that appellee could operate a streetcar sufficiently well to hold a position as a motorman; and there was no competent evidence that there was any other gainful employment which he would be able to enter and carry on successfully."

It appeared there the court felt the commissioner's decision was wrongfully based on the belief the statute contemplated payment in proportion to functional disability rather than in proportion to industrial disability. No such error appears in the case at bar. Any inference of such a consideration as a basis of error was removed by the testimony above set out referring to consideration of claimant's industrial disability. While we believe the cases are distinguishable, we wish to clearly express our opposition to any rule requiring that claimant must be shown able to resume his former occupation or occupations or be found totally and permanently disabled. Such is not the law. Certainly he may be able to, or may learn to, engage in various other occupations and be gainfully employed, even at claimant's advanced age of 58 or 59 years.

We find support in this position in Soukup v. Shores Co., 222 Iowa 272, at 278, 268 N.W. 598, 601, where we said: "That a workman sustaining one of the minor injuries for which specific compensation is provided under the statute might, because of such injury, be unable to resume his employment and, because of his lack of education or experience or physical strength or ability, might be unable to obtain other employment, does not entitle him to be classed as totally and permanently disabled. It may be conceded that the legislature, if it saw fit to do so, might make such a provision. As the law stands, however, no such provision has been made by the legislature, and it is not the province of the court to enact such a provision by what is sometimes referred to as judicial legislation."

Such a statement is applicable here, and although we may feel, as the trial court evidently did, that claimant might have been found to suffer a greater per cent of disability, it is not within our province to interfere under the facts disclosed in this record. It may be that subsequent developments will justify a further reopening by the commissioner under section 86.34, but the determination by the district court must be reversed and, for the present at least, the findings and award of the commissioner must be re-established and sustained.—Reversed and remanded with instructions to affirm commissioner's award.

All JUSTICES concur.