ALICE BARTON, appellant, v. NEVADA POULTRY COMPANY, employer, and HAWKEYE SECURITY INSURANCE COMPANY, insurer, appellees.

No. 50315.

SEPTEMBER 19, 1961.

REHEARING DENIED DECEMBER 12, 1961.

Hadley & Countryman, of Nevada, for appellant.

Whitfield, Musgrave, Selvy, Fillmore & Kelly, of Des Moines, for appellees.

HAYS, J.—The real question here involved is as to the period of time claimant is entitled to receive compensation under chapter 85, Code of 1954.

The actual physical injury or trauma, contact of the body with a foreign substance, was limited to claimant's right foot and ankle. Compensation was paid to her for 120 weeks under a memorandum of agreement (section 86.13). Application for a review of such agreement (section 86.34) was filed wherein claimant alleged permanent total disability and asked compensation be made under section 85.34. The testimony upon such hearing was in sharp conflict as to claimant's disability, ranging from total to 20% permanent partial, to 50% of the right foot. All are agreed that as a result of the blow to the right foot, a circulatory ailment, from which claimant suffers a constant burning pain, affecting her entire nervous system, has developed which is known in the record as "Causalgia" or "Sudeck's Atrophy."

While we find the decision of the Commissioner, on review, to be rather confusing, we think it is clear that claimant was found to be totally disabled. It is also clear that, based upon the Commissioner's interpretation of section 85.34, as this court has commented thereon in several decisions, further relief was denied claimant. In so denying, the Commissioner stated:

"The evidence conclusively establishes that the *actual physical injury \* \* \* was confined to the right lower extremity. Therefore, it is definitely a scheduled disability and the compensation must be limited to the schedule* (Section 85.35) *despite the fact she is totally disabled because of the injury,* unable to resume her employment and because of her lack of education, experience or physical strength or ability is unable to secure other suitable employment does not entitle her to be classified as permanently totally disabled." (Italics added.) Citing Dailey v. Pooley Lumber Co., 233 Iowa 758, 764, 765, 10 N.W.2d 569; Soukup v. Shores Co., 222 Iowa 272, 277, 268 N.W. 598.

The district court upon appeal affirmed the decision of the Commissioner both as to his findings of fact and conclusions of law. The district court stated the question before it to be "whether compensation must be limited to that fixed specifically for the loss of a foot, or whether it should be determined by the extent of the disability actually sustained, which the Commissioner found to be total." Citing and quoting from Soukup v. Shores Co., supra, the court answered the question as follows: "It is clear, therefore, that *as the law now stands* in Iowa the award of *compensation must be limited* to that fixed specifically for the loss of a foot *and cannot be determined by the extent of disability* actually sustained. In other words, *even though the claimant is totally disabled* as the Commissioner found her to be in this case, *she cannot recover* except upon the basis of the provisions of the law which relate specifically to the loss of a foot *because the injury sustained was to the foot and not to any other part of the body.*" (Italics ours.)

Error is assigned, based upon an erroneous interpretation of the law.

I. It is agreed that where the Commissioner makes findings of fact, based upon a substantial conflict in the evidence before him, and no fraud is alleged, and none is alleged here, such findings have the force of a jury verdict and are conclusive upon appeal. Section 86.29; Stowe v. Booth & Olson, Inc., 245 Iowa 1374, 66 N.W.2d 382; Henderson v. Iles, 250 Iowa 787, 96 N.W.2d 321. The law is also well settled that the determination of questions of law by the Commissioner, while en-

titled to careful consideration, is not conclusive and is subject to review upon an appeal. Scheel v. Superior Mfg. Co., 249 Iowa 873, 89 N.W.2d 377; Hansen v. State, 249 Iowa 1147, 91 N.W.2d 555. While appellees contend the only issue before the court is a finding of facts by the Commissioner to the effect that claimant has failed in her burden of proof, we think the issue is a legal one and subject to review.

■ II. Chapter 85, the Workmen's Compensation Act, is a creature of statute and, subject to constitutional limitations, may contain such provisions and limitations as the legislature may prescribe. However, such enactments are for the benefit of the workingman and should be, within reason, liberally construed.

The chapter prescribes three categories of disability and provides the compensation payable under each.

Section 85.33, Temporary disability — healing period — in part, provides: "In the event the employee has suffered an injury causing permanent partial disability for which compensation is payable under the provisions of section 85.35, the employer shall pay * * *."

Section 85.34 states: "Permanent total disability. For an injury causing permanent total disability, the employer shall pay * * *, not, however, beyond five hundred weeks."

Section 85.35, "Permanent partial disabilities. Compensation for permanent partial disability shall begin at the termination of the healing period provided in section 85.33 and shall be based upon the extent of such disability, and for all cases * * * included in the following schedule compensation shall be paid as follows: * * *

"14. For the loss of a foot, * * * one hundred fifty weeks. "* * *.

"20. In all other cases of permanent partial disability, the compensation shall bear such relation to the periods of compensation stated in the above schedule as the disability bears to those produced by the injuries named in the schedule."

■ The "injury" contemplated under the Act is "something * * * that acts extraneously to the natural processes of nature, and thereby impairs the health, overcomes, injures, interrupts,

or destroys some function of the body, or otherwise damages or injures a part or all of the body." Almquist v. Shenandoah Nurseries, 218 Iowa 724, 732, 254 N.W. 35, 38, 94 A. L. R. 573; Bocian v. Armour & Co., 244 Iowa 304, 56 N.W.2d 900.

The disability contemplated by the Act is "industrial disability—reduction of earning capacity, and not mere functional disability." Dailey v. Pooley Lumber Co., 233 Iowa 758, 765, 10 N.W.2d 569, 573; Henderson v. Iles, 250 Iowa 787, 96 N.W.2d 321.

The injury is the producing cause. The disability, which generally determines the extent of compensation payments, is the result of the cause (injury) upon the human body as it bears upon the ability of the injured person to earn wages. Disability is ordinarily a fact question for the Commissioner, and the result may be any one of the three categories, named above, dependent upon the evidence bearing thereon.

III. Section 85.35, supra, in addition to providing generally that the compensation for permanent partial disability shall be determined by the extent of the disability, goes further and provides that, where, as the result of an injury, the claimant has sustained the loss of specified parts of his body, such loss shall be compensable only to the extent therein provided. Thus, by legislative edict, where the result of an injury causes the loss of a foot, or eye, etc., such loss, together with its ensuing natural results upon the body, is declared to be a permanent partial disability and entitled only to the prescribed compensation. In such a case, the ability of the injured party to earn wages is not a factor to be determined, even though such ability may be entirely gone. It might be added that the loss of the use of a foot, eye, etc., is deemed to be loss of the unit involved. Moses v. National Union Coal Mining Co., 194 Iowa 819, 184 N.W. 746.

IV. The trial court bases its decision, as to the law, upon a statement appearing in Soukup v. Shores Co., supra, 222 Iowa at page 277. It is: "Under the provisions of the above statute [now section 85.35], we think the legislature has definitely fixed the amount of compensation that shall be paid for the specific injuries therein enumerated, and that, regardless of the educa-

tion * * * or of his inability * * * to engage in employment for which he is fitted, the compensation * * * is limited to the amount therein fixed." The case is one wherein the Commissioner found a permanent partial disability of foot and awarded compensation accordingly under section 85.35(20), and such a finding was held on appeal to be conclusive. The quoted statement is dictum.

In Dailey v. Pooley Lbr. Co., supra, 233 Iowa at pages 764, 765, this court said: "This section * * * [85.34] sets no limitation which concerns the physical location of the injury causing the disability. The only limitation of that sort is found * * * where 'permanent total disability' comes from some injury limited by and included in the schedules * * * [section 85.35]. Permanent total disability, as we have said, may be caused by some scheduled injury, even though no other part of the body * * * [may] be affected. This may happen because of lack of training, age, or other condition peculiar to the individual. Such injury, though causing permanent total disability, is *arbitrarily* compensable according to the schedule. But where there is injury to some scheduled member, and also to parts of the body not included in the schedule, the resultant 'permanent total disability,' * * * is compensable under Code section 1395 [section 85.34]." The foregoing statement is dictum as the case was one wherein it was found that the disability suffered extended beyond the schedule and it did not apply.

We also direct attention to Division [6] of the case of Henderson v. Iles, 248 Iowa 847, 849, 82 N.W.2d 731, 733, where Soukup v. Shores Co., supra, is cited and quoted from. That case held the district court had no jurisdiction to entertain the appeal and also, that the finding by the Commissioner of a " 'disability to the extent of 17½% of the body as a whole' " was conclusive upon appeal. The quote from the Soukup case deals with a matter in no way involved in the case.

V. Are the above cited cases to be taken as authority for the proposition that the specific location of the physical injury determines the compensation? We think not.

In section 85.35(1 to 19 inclusive) reference is in each instance to "loss" of some unit of the body. This does not mean

292

the injury—the cause—but the result. If, in the cases cited, the reference to injury, as used therein, with reference to the statute, is used in the sense of loss or result, rather than cause, we think such statements therein are correct statements of the law. Disability may be total but compensable only under the specific schedule. Under such a construction there is nothing therein that even hints at the location of the injury, the actual physical trauma, as being determinative of the extent of compensation payable. If the word "injury" is used in the sense of being the cause rather than the loss, the result, we think such a construction is erroneous. The Commissioner and the district court both appear to have placed such a construction upon section 85.35(1–19), in the light of statements appearing in the above cited cases. In so far as such statements so hold, if they do, the same are specifically disapproved.

The instant case is very similar to Dailey v. Pooley Lumber Co., supra, wherein the court held that the injury, the loss, suffered by the claimant extended beyond the scheduled loss of a leg and the schedule did not apply. Compensation payments were determined under section 85.34. Here, while the trauma, the injury, was limited to the right foot, the Commissioner found claimant, as a result thereof, was affected with an ailment that extended beyond the scheduled loss of a foot, or the use thereof. The schedule is not applicable. The Commissioner found a total disability but refused classification as "permanently totally disabled" under an erroneous interpretation of the law. The district court affirmed the Commissioner both as to the facts and the law. The claimant is entitled to a classification of "permanently totally disabled."

VI. The appellees urge, as a basis for an affirmance of the trial court, the claim that claimant refused proper medical treatment and thus deprived herself of further compensation, citing Stufflebean v. City of Fort Dodge, 233 Iowa 438, 9 N.W.2d 281. The record shows a disagreement among the physicians as to the proper treatment. Claimant was following the directions of her own physician. It is not for this court to say which course of treatment is proper, at least upon the record before us.

The decision of the trial court is reversed and remanded for the entry of a classification of "permanently totally disabled" and an award of compensation accordingly.—Reversed and remanded.

GARFIELD, C. J., and BLISS, OLIVER, THOMPSON, THORNTON and SNELL, JJ., concur.

LARSON and PETERSON, JJ., dissent.

LARSON, J. (dissenting)—I find myself unable to concur in the majority opinion filed herein for, while the language used by the Commissioner in his decision is not absolutely clear, it is quite clear he found as a fact that the physical disability or actual injury suffered by the employee was confined solely to the scheduled area. The evidence amply sustained that determination, and thus was binding upon the court.

Functionally this injury totally disables the employee, a result not unusual when, as here, age, experience or education is also involved. However, the legislature clearly provided a limit to the recovery for the total loss or impairment of certain scheduled areas in section 85.35, Code, 1958, and, while we have not passed directly on the issue, we have clearly indicated our position as to the limit of recovery when the employee does not prove physical impairment extending beyond that area. I think our position, even if stated as dictum, has been sound. Trial courts and textbook writers have so understood us. See "The Iowa Law of Workmen's Compensation", Research Series No. 22, 1960; Soukup v. Shores Co., 222 Iowa 272, 277, 268 N.W. 598; Dailey v. Pooley Lbr. Co., 233 Iowa 758, at 764, 765, 10 N.W.2d 569. I do not believe it wise or just to depart from that position. To do so would invade the province of the legislature, a step we do not take except in most compelling circumstances.

The true rule in this state, as I see it, is that when there is an injury to and the resultant loss or impairment of a scheduled member or area for which compensation is specifically fixed by the statute (section 85.35), the amount of compensation so fixed governs unless, as a result of the injury, it is shown that

other bodily functions are also damaged. There was no such finding justified here and I would affirm the trial court's decision.

PETERSON, J., joins in this dissent.