Chester CAYLOR, Petitioner-Appellant,

v.

EMPLOYERS MUTUAL CASUALTY COMPANY, Insurance Carrier, and Iowa Industrial Commissioner, Respondents-Appellees.

No. 2–69207.

Court of Appeals of Iowa.

June 28, 1983.

As Corrected Oct. 31, 1983.

John A. Jarvis, Sioux City, for petitioner-appellant.

Dennis L. Hanssen of Hopkins & Huebner, Des Moines, for respondents-appellees.

HAYDEN, Judge.

Claimant appeals from the district court's decision on judicial review affirming the industrial commissioner's review-reopening decision in a case involving worker's compensation benefits. We affirm.

Claimant injured his right leg in a fall on the job in 1976. After a period of hospitalization, he returned to work in his capacity as a truck driver. He continued to work, without apparent difficulty, until his retirement, in 1977, at age 65. Following his retirement, claimant continued to work as a truck driver, albeit on a temporary basis, until the summer of 1979.

In 1979, claimant returned to his treating physician, complaining of problems with his right leg. The diagnosis indicated that the cartilage in his right knee was possibly torn, and claimant was referred to Dr. Marvin Dubansky, a specialist in orthopedics. Dr. Dubansky's diagnosis was degenerative arthritis of the right knee. He estimated the impairment of claimant's right leg at 7% pursuant to the AMA Guides to Physical Impairment.

Claimant filed a claim for permanent total (industrial) disability in June, 1979. A hearing date was set for October 11, and the prehearing order required that the medical depositions be taken prior to that date. Claimant deposed his treating physician on October 5. At the deposition, a medical report from the treating physician to claimant's attorney was marked as an exhibit. This report had not previously been furnished to defendants.

Defendants filed an Application for Sanctions to Industrial Commissioner Rule 4.36 and Rule of Civil Procedure 134. The industrial commissioner ruled on the application, and filed an order which permitted defendants to take the deposition of Dr. Dubansky, and which ordered claimant to permit discovery of his medical evidence. Claimant refused to comply with the industrial commissioner's order.

As a sanction for claimant's refusal to permit discovery of medical evidence, the industrial commissioner rejected all of the treating physician's evidence. The result was that claimant's evidence was insufficient to establish causation between his on-the-job injury and his claimed disability. On review, the district court ruled that the exclusion of the treating physician's evidence was an abuse of discretion. The case was remanded "for determination of the extent of Chester Caylor's permanent disability."

On remand, the commissioner determined that claimant's disability was a scheduled loss and that the functional impairment of claimant's right leg was 10%. Pursuant to Industrial Commissioner Rule 2.4., payment of permanent partial disability was ordered for 22 weeks. Claimant filed a Motion and Affidavit for Disqualification, alleging that the pattern of the industrial commissioner's decisions suggests a personal bias against injured claimants. Claimant's motion was denied.

Claimant petitioned for review of the commissioner's decision on remand. The district court affirmed the industrial commissioner's decision, specifically holding that it was supported by substantial evidence and that the record did not indicate an abuse of the commissioner's discretion.

On appeal, claimant argues that the district court erred in failing to find that the

acts of the industrial commissioner were legally erroneous, unsupported by the evidence, and unreasonable, arbitrary and an abuse of discretion in the following particulars: (1) limiting the award to schedule loss of 10% of a leg rather than finding permanent total disability; (2) failing to award and assess medical costs; (3) failing to find that the functional impairment to claimant's body as a whole was the result of claimant's injury in 1976; (4) allowing the post hearing deposition of Dr. Dubansky, and failing to rule on objections therein; (5) accepting Dr. Dubansky's deposition testimony concerning the AMA Guides to the Evaluation of Permanent Impairment; and (6) failing to grant claimant's Motion and Affidavit for Disqualification.

■ I. Scope of Review. Our scope of review in cases governed by the Iowa Administrative Procedure Act is limited by Iowa Code § 17A.20 to the correction of errors in law under most circumstances. *Foods, Inc. v. Iowa Civil Rights Commission*, 318 N.W.2d 162, 165 (Iowa 1982). The review function of the district court under § 17A.19 is to correct errors of law which are specified in § 17A.19(8). When we review decisions of the district court which were rendered in its capacity as an appellate body under § 17A.19, the issue for our determination is whether or not the district court correctly applied the law. "In order to make that determination, this court applies the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court." *Jackson County Public Hospital v. Public Employment Relations Board*, 280 N.W.2d 426, 429–30 (Iowa 1979).

■ Where the facts are disputed, we will adopt the factual determinations made by the industrial commissioner as long as they are supported by substantial evidence in the whole record. *See Temple v. Vermeer Mfg. Co.*, 285 N.W.2d 157, 160 (Iowa 1979). We do not make an independent determination concerning the preponderance of the evidence. *Reisner v. Board of Trustees of the Fire Retirement System*, 203 N.W.2d 812, 815 (Iowa 1973). To the extent that the petitioner challenges the agency's action concerning an affidavit asserting disqualification under Iowa Code § 17A.17(3), however, our review is de novo. Iowa Code § 17A.17(4).

■ II. Schedule vs. Total Disability. The Worker's Compensation Act (Iowa Code Chapter 85) comprises a statutory scheme which was intended to provide for a speedy determination of the rights of the parties in the event of an injury occurring in the course of employment. It creates both rights and liabilities which were not recognized at common law, *see Bashford v. Slater*, 252 Iowa 726, 731, 108 N.W.2d 474, 476 (1961), and therefore the right to recover compensation for work related injuries is strictly statutory.

■ The statute which confers the right to collect disability compensation can also limit the amount of compensation payable for specifically enumerated disabilities. *Barton v. Nevada Poultry Co.*, 253 Iowa 285, 289, 110 N.W.2d 660, 662 (1961). Thus, Iowa Code § 85.34(1) provides a statutory compensation schedule for the loss of specifically enumerated members. "The very purpose of the schedule is to make certain the amount of compensation in the case of specific injuries and to avoid controversies." *Dailey v. Pooley Lumber Co.*, 233 Iowa 758, 760, 10 N.W.2d 569, 571 (1943).

If a claimant's impairment is limited to a scheduled member "we are not concerned with the question of the extent of disability. The compensation in that event is definitely fixed according to the loss of use of the particular member." *Dailey* 10 N.W.2d at 571. *See also Graves v. Eagle Iron Works*, 331 N.W.2d 116, 118–119 (Iowa 1983). "[W]here the result of an injury causes the loss of a foot, or eye, etc., such loss, together with its ensuing natural results upon the body, is declared to be a permanent partial disability and entitled only to the prescribed compensation." *Barton*, 253 Iowa at 290, 110 N.W.2d at 663.

That a workman sustaining one of the minor injuries for which specific compensation is provided under the statute

might, because of such injury, be unable to resume his employment and, because of his lack of education or experience of physical strength or ability, might be unable to obtain other employment, does not entitle him to be classed as totally and permanently disabled. It may be conceded that the legislature, if it saw fit to do so, might make such a provision. As the law stands, however, no such provision has been made by the legislature, and it is not the province of the court to enact such a provision.

*Soukup v. Shores Co.,* 222 Iowa 272, 278–79, 268 N.W. 598, 601 (1936).

■ The issue for us to determine is whether substantial evidence exists for the conclusion that claimant's impairment is limited to a scheduled member. Evidence is substantial when a reasonable mind would accept it as a basis for reaching a conclusion. *See Hawk v. Jim Hawk Chevrolet-Buick, Inc.,* 282 N.W.2d 84, 87 (Iowa 1979).

■ In the present case, all of the competent evidence in the record supports the conclusion that claimant's impairment is limited to a partial functional loss of his right leg. The medical evidence establishes this unequivocally. More important, however, is that claimant himself testified that the only problem he has had as a result of his injury in 1976 was with his right knee.

■ Iowa Code § 85.34(2)(*o*) provides that the loss of a leg is a scheduled partial disability. An impairment to a scheduled member which is less severe than total loss of the member is still a scheduled disability. *See Simbro v. Delong's Sportswear,* 332 N.W.2d 886, 889 (Iowa 1983). The holding of the industrial commissioner that claimant's impairment constituted a scheduled partial disability rather than a permanent total disability was required by law and did not amount to an abuse of discretion.

■ III. Medical Expenses and Costs. Claimant is not entitled to reimbursement for medical bills unless he shows that he paid them from his own funds. In the present case, claimant's medical expenses were paid by defendant-Lucas County's group insurance carrier. The industrial commissioner correctly refused to order that claimant be reimbursed for expenses that he never incurred.

IV. Causation. We cannot fathom why claimant is raising the issue of causation since both the industrial commissioner and the district court agreed that a causal relationship between the October 1976 injury and the impairment of claimant's right knee was successfully established. If claimant is merely, as we suspect, reraising the issue concerning the extent of his disability, we must point out (as we did in Division II of this appeal) that the evidence does not support a conclusion that claimant's disability extends beyond an impairment of his right knee.

■ V. Agency Hearing Abuses. Claimant argues that the industrial commissioner abused his authority when he permitted the post hearing deposition of Dr. Dubansky to be taken as a sanction for claimant's refusal to permit discovery. We do not agree. The selection of an appropriate remedy for a party's failure to comply with discovery rules is left to the discretion of the industrial commissioner. *See* 500 I.A.C. 4.36. This court has no power to interfere with a discretionary act of the industrial commissioner absent an abuse of that discretion. *Cf. State ex rel. Fenton v. Downing,* 261 Iowa 965, 970, 155 N.W.2d 517, 520 (Iowa 1968).

■ We agree with the district court that the industrial commissioner did not abuse his discretion by permitting defendants to take the deposition of Dr. Dubansky. We note that defendants would have taken a timely deposition of the doctor had claimant provided them with a timely copy of his medical report. "The allowance of this deposition by the Industrial Commissioner was within his discretionary authority as provided in his rules and was reasonable in light of the failure of [claimant] to provide a medical report in his possession as required by the rules of the Industrial Com-

missioner and to attach the report to answers to Interrogatories."

■ Claimant cites the failure of the industrial commissioner to rule on objections to questions asked in the deposition as an agency hearing abuse. His contention is unsound. Iowa Code § 86.18 provides that the industrial commissioner is not bound by statutory or common law rules of evidence, but that he shall conduct each hearing "in such manner as is best suited to ascertain and conserve the substantial rights of all parties." Not being bound by the rules of evidence, the industrial commissioner was under no obligation to rule on objections to testimony based thereon. Claimant has alleged additional hearing abuses, however, upon review of these allegations we find them to be without merit.

■ VI. AMA Guides. Claimant raises an issue concerning the reliance by the industrial commissioner on the AMA Guides to Physical Impairment in determining the extent of claimant's impairment. Once again, claimant's allegation is without merit. Use of the AMA Guides is sanctioned by 500 I.A.C. 2.4, which provides as follows:

> The Guides to the Evaluation of Permanent Impairment published by the American Medical Association are adopted as a guide for determining permanent partial disabilities under section 85.34(2)"a"–"r" of the Code. The extent of loss or percentage of permanent impairment may be determined by use of this guide and payment of weekly compensation for permanent partial scheduled injuries made accordingly. Payment so made shall be recognized by the industrial commissioner as a prima facie showing of compliance by the employer or insurance carrier with the foregoing sections of the Iowa Workers' Compensation Act. Nothing in this rule shall be construed to prevent the presentations of other medical opinion or guides for the purpose of establishing that the degree of permanent impairment to which the claimant would be entitled would be more or less than the entitlement indicated in the AMA guide.

■ VII. Disqualification. The industrial commissioner's denial of claimant's Motion and Affidavit for Disqualification did not constitute an abuse of discretion. Iowa Code § 17A.17(4) provides that:

> A party to the contested case proceeding may file a timely and sufficient Affidavit asserting disqualifications according to the provisions of Subsection 3, where asserting personal bias of an individual participating in the making of any proposed or final decision in that case. The agency shall determine the matter as part of the record in the case. When an agency in these circumstances makes such a determination with respect to an agency member, that determination shall be subject to de novo judicial review and any subsequent review proceeding of the case.

We agree with the district court that "[t]here is absolutely no showing of impropriety, or appearance of impropriety with regard to the actions of Industrial Commissioner Landess or Deputy Industrial commissioner Moeller." The industrial commissioner stated in his appeal decision that:

> A review of this office's records reveals no evidence of any pattern of decisions which suggest personal bias of either the Industrial Commissioner or the Deputy Industrial Commissioner with respect to the issues claimant presented or which might undermine the efforts of claimant's counsel. It is true that a number of attorneys previously employed by this agency are currently engaged in private practice and appear before this agency. However, the Industrial Commissioner's records reflect the facts that previous agency involvement of these attorneys bears no relationship to the decision-making process of this agency.

Claimant has given us no reason to question the validity of the industrial commissioner's findings.

VIII. Costs. Iowa Code § 86.32 provides that discretion concerning the taxing of costs on judicial review is vested in the court. We therefore assess the costs of this action to claimant.

AFFIRMED.